**Thomas A. WINN**

v.

**The UNITED STATES.**

No. 621–81C.

United States Claims Court.

Dec. 27, 1982.

Thomas A. Winn, pro se.

Mark D. Friedman, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant; James Anderson, U.S. Customs Service, Washington, D.C., of counsel.

## OPINION

MEROW, Judge:

This matter comes before the court on motions for summary judgment filed by the parties.

Plaintiff's claims in this matter relate to the termination in September of 1979 of a temporary promotion he had previously received from GS–9 to GS–11. This promotion termination resulted when he was transferred from a temporary GS–11, step 1, Customs Patrol Officer assignment in El Paso, Texas, back to his previous GS–9 Customs Patrol Officer position in San Ysidro, California.[1] Plaintiff also contests the classification of the GS–11 position to which he was temporarily promoted, asserting that it should have been classified at GS–12.

Plaintiff appealed the grade reduction and classification action to the Merit Systems Protection Board (MSPB) and this appeal was denied by the San Francisco field office on October 16, 1980 for lack of jurisdiction. Plaintiff's petition for review of this regional decision was denied by the MSPB in an opinion and order dated July 15, 1981.

Plaintiff's petition in this matter was filed in the Court of Claims on October 26, 1981. The petition seeks promotion to GS–12 with back pay and interest at the GS–12 rate from July 2, 1979 and priority consideration for GS–13 positions.

■■■■ The events triggering plaintiff's claims occurred after the January 11, 1979 effective date of the Civil Service Reform Act of 1978, 5 U.S.C. 1101 note. However, plaintiff did not file his petition in the Court of Claims within the 30 days provided by 5 U.S.C. 7703(b)(1) after the MSPB decision. Thus, under the established prece-

---

1. Upon transfer to the GS–9 position, plaintiff was placed in pay step 9 with the result that his actual salary was not diminished.

**228**

dent, *McCanless v. United States*, Ct.Cl. No. 574–80C (order entered May 1, 1981),[2] plaintiff's claims under the Civil Service Reform Act are time-barred. Moreover, as plaintiff did not actually occupy a GS–12 position, any claim for such additional compensation does not state a matter within the jurisdiction of the court. *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *Coleman v. United States*, Ct.Cl. No. 670–81C (order entered April 23, 1982).

Plaintiff urges that the court has jurisdiction to consider his claims outside the framework of the Civil Service Reform Act of 1978. Plaintiff cites, for example, *Greenway v. United States*, 163 Ct.Cl. 72 (1963), as establishing a principle that the court has basic jurisdiction to review personnel actions of federal employees to insure that there has been compliance with the applicable procedures. However, as a comprehensive catalog of the rights which Congress afforded federal employees after its effective date, it is concluded that the Civil Service Reform Act must provide the basis for plaintiff's claims. *Connolly v. United States*, 1 Cl.Ct. 312 (Cl.Ct.1982) (KOZINSKI, C.J.). As such, plaintiff followed the sole avenue of relief provided in this matter by filing with the MSPB. Prior to October 1, 1982, the United States Court of Claims was a reviewing court under 5 U.S.C. 7703(b)(1). After October 1, 1982, under the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, 96 Stat. 25, jurisdiction of an appeal from a final order or final decision of the MSPB was vested in the United States Court of Appeals for the Federal Circuit. 28 U.S.C. 1295(a)(9). The United States Claims Court has no jurisdiction to review a decision of the MSPB.

In the above circumstances, as the Claims Court has no jurisdiction over plaintiff's claims, the petition filed October 26, 1981 must be dismissed.[3]

In the above circumstances, it is ORDERED that defendant's motion for summary judgment is granted, plaintiff's motion for summary judgment is denied, and final judgment shall be entered dismissing plaintiff's petition.

**2.** General Order No. 1, U.S.Cl.Ct. Preceding Rule 1, 28 U.S.C.A. (October 7, 1982) of the United States Claims Court provides that full force and effect will be provided to precedents set by the United States Court of Claims. See *South Louisiana Grain Services, Inc. v. United States*, 1 Cl.Ct. 281 at 287–288 (Cl.Ct. 1982) (LYDON, J.).

**3.** Because the United States Court of Appeals for the Federal Circuit now is the tribunal with jurisdiction to review the adverse decision plaintiff obtained from the MSPB, this action could be transferred to that court pursuant to 28 U.S.C. 1631. However, the matter would then proceed "as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." 28 U.S.C. 1631. Such transfer shall be accomplished "if it is in the interest of justice, * * *." *Ibid.* Because, as noted, plaintiff's appeal is time-barred under 5 U.S.C. 7703(b)(1), it is concluded that it would not be "in the interest of justice" to so transfer it.