**Daryl C. McCLARY**

v.

**The UNITED STATES.**

No. 280–83C.

United States Claims Court.

Dec. 27, 1984.

---

Jack B. Solerwitz, Mineola, N.Y., for plaintiff.

Allen C. Peters, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

## ON DEFENDANT'S MOTION TO DISMISS

### OPINION

SETO, Judge.

In this civilian pay case, plaintiff seeks to recover back pay and moving expenses incurred due to his reduction in grade and transfer from Blaine, Washington to Denver, Colorado. The underlying issues are (1) whether this court has jurisdiction under either the Back Pay Act or the Civil Service Reform Act to hear plaintiff's back pay claim, (2) whether 5 U.S.C. § 5724 is a pay mandating statute, and (3) whether plaintiff states a claim for moving expenses under 5 U.S.C. § 5724 upon which relief can be granted. For the reasons stated below, defendant's motion to dismiss is granted.

### FACTS [1]

As of January 1977, plaintiff was a GS–13, Senior Special Agent in the Blaine, Washington office of the Drug Enforcement Administration ("DEA"). Upon learning in 1978 that his position in Blaine

---

1. The facts as set forth herein are gleaned from plaintiff's complaint and are accepted only for the purpose of ruling on defendant's motion.

was to be eliminated, plaintiff commenced searching for GS–13 Special Agent positions elsewhere. Because plaintiff's wife subsequently received a promotion in her private industry job necessitating a move to Denver, Colorado, plaintiff informed the DEA of his desire to be transferred to that area. After receiving assurances that something would be done to accommodate his needs, however, available GS–13 positions in Denver subsequently were filled by other special agents.

After his replacement was transferred to Blaine in November 1979, plaintiff was advised that to effect his transfer to Denver, he would be required to write a memorandum offering to accept a GS–12 position and volunteering to assume his own moving expenses. Plaintiff submitted the requested memoranda and was assigned to the Denver District Office of the DEA. Plaintiff avers, however, that other agents were granted preferential treatment by being permitted to transfer to the Denver office without taking downgrades.

Claiming that his reduction in grade was coerced and constituted a prohibited personnel practice, plaintiff filed, in March 1981, a request for an inquiry into DEA's actions with the Office of Special Counsel of the Merit Systems Protection Board. After the Special Counsel declined to take action, plaintiff filed this action in May 1983.

### DISCUSSION

■ In his complaint, plaintiff asserts jurisdiction under the Tucker Act, 28 U.S.C. § 1491, for both his claim for back pay and his claim for moving expenses. It is well-settled that because the Tucker Act is merely jurisdictional, it does not create any substantive right enforceable against the United States for money damages. Therefore, for this court to attain jurisdiction, the prospective claimant must invoke a substantive right grounded either in the Constitution, an act of Congress, a regulation of an executive department, or an express or implied contract. *See United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47

L.Ed.2d 114 (1976), *citing Eastport S.S. Corp. v. United States,* 178 Ct.Cl. 599, 372 F.2d 1002 (1967); *United States v. Connolly,* 716 F.2d 882, 885 (1983). Because of the jurisdictional issues they raise, plaintiff's claims are considered separately.

### I. *Back Pay Claim*

■ At oral argument on November 17, 1983, plaintiff alleged for the first time that jurisdiction for his back pay claim is predicated upon the Back Pay Act, 5 U.S.C. § 5596 (1982). Defendant asserts, however, that the Back Pay Act does not vest this court with jurisdiction over plaintiff's claim for back pay because plaintiff fails to show that the alleged "illegal personnel action" violated any relevant statute or regulation covered by the Tucker Act.

The Court of Claims has noted that because the Back Pay Act is merely derivative in its application, it "does not, in and of itself, authorize a suit in this court." *Montalvo v. United States,* 231 Ct.Cl. 980, 982 (1982). Rather, for this court to acquire jurisdiction under the Back Pay Act, the aggrieved party must demonstrate that the alleged "unjustified or unwarranted personnel action" violated a statute or regulation covered by the Tucker Act. *See United States v. Connolly,* 716 F.2d 882, 887 (1983). Because plaintiff fails to meet this burden, this court does not have jurisdiction under the Back Pay Act to hear his claim.

Similarly, plaintiff has no right under the Civil Service Reform Act of 1978 ("CSRA") to seek review of his claim in this court. Plaintiff contends that he has exhausted his administrative remedies because the Office of Special Counsel declined his request to investigate the DEA's actions and that, consequently, review in this court is his only recourse. Defendant rejoins that the CSRA establishes a comprehensive scheme for the review of federal employee personnel actions and does not encompass the type of direct review plaintiff seeks. Therefore, plaintiff's claim raises the issue of whether the CSRA grants federal employees an implied private right of action to

seek judicial review of adverse personnel actions.

The CSRA, which effected a sweeping reorganization of the civil service system, created the Merit Systems Protection Board ("MSPB"), an independent agency charged with adjudicating conflicts between federal workers and their employing agencies. 5 U.S.C. § 1205. The CSRA also established within the MSPB an independent Special Counsel responsible for investigating and prosecuting "prohibited personnel practices" and other violations of law or regulation. 5 U.S.C. § 1206. This framework provides federal employees two avenues for review of an agency action. First, federal employees may challenge an adverse personnel action by appealing directly to the MSPB under 5 U.S.C. § 7701.[2] Secondly, employees may present allegations of a prohibited personnel practice to the Special Counsel who investigates the allegation to determine whether it has merit. 5 U.S.C. § 1206. If the initial investigation warrants, the Special Counsel may petition the MSPB for "corrective action" against agencies or employees engaged in prohibited personnel practices. 5 U.S.C. § 1206(c)(1). Although the CSRA does not provide for judicial review of the Special Counsel's decision either to petition the MSPB or to terminate an investigation without further action[3], it explicitly provides for judicial review of decisions of the MSPB. 5 U.S.C. § 7703.

In *Frazier v. Merit Systems Protection Board*, 672 F.2d 150 (D.C.Cir.1982), the court analyzed the role of the Special Counsel, and examined the distinction between the purpose of a corrective action proceeding initiated by the Special Counsel and that of a Chapter 77 appeal by an employee. Relying on the legislative history of the CSRA, the court found that the Special Counsel acts as an ombudsman responsible for investigating and prosecuting violations

of the CSRA, while the MSPB is assigned an adjudicatory role. *Frazier*, 672 F.2d at 162–164. Therefore, the court concluded that the principle recourse for employees who have suffered cognizable injury from a personnel action is directly to the MSPB through a Chapter 77 appeal, not indirectly through a corrective action proceeding. The Chapter 77 appeal provides the employee with a full hearing before the MSPB and appellate review by the Court of Appeals for the Federal Circuit. Because the Special Counsel is "fundamentally concerned with the integrity of the merit system," a corrective action proceeding is designed to investigate allegations, not to adjudicate. *Id.*

■ Plaintiff's interests would have been served best by following the carefully crafted legislative scheme of the CSRA. Because appeal to the MSPB is the primary vehicle for adjudicating an employee's allegations of a prohibited personnel practice, plaintiff initially should have requested a hearing with the MSPB. His decision to proceed first to the Special Counsel, however, did not nullify his Chapter 77 appeal rights before the MSPB. Therefore, plaintiff should have appealed to the MSPB either concurrently with his request to the Special Counsel to investigate or following the Special Counsel's decision not to take further action. Because he did neither, plaintiff failed to exhaust all administrative remedies available under the CSRA and thus cannot seek judicial review of his claim.

Moreover, plaintiff can not now seek review of his claim in this court because the CSRA does not grant federal employees an implied private right of action. Because the CSRA represents a comprehensive framework for review of agency action, its effect on this court's jurisdiction has been examined in several cases. In *Connolly v.*

**2.** Actions deemed reviewable under this so-called "Chapter 77" appeal are enumerated at 5 U.S.C. §§ 7512, 7513.

**3.** *See Borrell v. United States Int'l Communications Agency*, 682 F.2d 981 (D.C.Cir.1982), *cited*

*with approval in Connolly v. United States*, 1 Cl.Ct. 312, 320 n. 8, 554 F.Supp. 1250 (1982) (decision of the Special Counsel whether to request a corrective action proceeding is not judicially reviewable).

*United States*, 1 Cl.Ct. 312, 554 F.Supp. 1250 (1982), *aff'd in part*, 716 F.2d 882 (1983), a former probationary employee of the U.S. Postal Service brought suit in the Claims Court seeking back pay and reinstatement. After reviewing the language and legislative history of the CSRA, the court held that the CSRA did not provide it jurisdiction to hear plaintiff's claims. The court noted that "we must be exceedingly careful in interpreting the Act so as not to import into its painstakingly crafted scheme, procedures and remedies unintended by the Act's drafters ..." 1 Cl.Ct. at 318, 554 F.Supp. 1250. The Court of Appeals for the Federal Circuit subsequently endorsed the Claims Court's reasoning with regard to the scope of judicial review under the CSRA:

> Because Congress could have permitted probationers to challenge removals, but expressly declined to do so, we find it incongruous to suppose that appellee has an implied private right of action under the Civil Service Reform Act to seek judicial review of his dismissal. [*Connolly*, 716 F.2d at 886.]

Similarly, in *Winn v. United States*, 1 Cl.Ct. 227 (1982), a civil service employee brought an action challenging the termination of a temporary promotion and his transfer to his prior position. The employee's petitions for review by the MSPB were denied. In determining that the CSRA did not provide jurisdiction over the employee's claims, the court noted that the CSRA embodied a "comprehensive catalog of the rights which Congress afforded federal employees." *Winn*, 1 Cl.Ct. at 228.

These cases speak to the comprehensiveness of the CSRA framework for review of federal employee claims. Under the Federal Courts Improvement Act of 1982 ("FCIA"), the Claims Court became a court of extremely limited jurisdiction. In the House Report accompanying the FCIA, Congress notes with approval that the Court of Claims and the Court of Customs and Patent Appeals "have strictly construed their own jurisdiction. They have not allowed inferential and unwarranted

increases to their own respective jurisdictions." H.Rep. No. 312, 97th Cong., 1st Sess. 40 (1981). Congress clearly wanted the new Claims Court to maintain the same narrow jurisdictional guidelines as its predecessor. Both *Connolly* and *Winn* recognize this congressional admonition and establish that the Claims Court should strictly interpret the CSRA.

■ Upon reviewing the legislative scheme established by the CSRA, we find that plaintiff does not have an implied private right of action under the CSRA to seek judicial review of his claim. "In establishing the Merit Systems Protection Board, Congress created a system whereby personnel actions which are to be reviewed outside the employing agency are first considered within the executive branch and reach the federal courts at the appellate level on the basis of the administrative record." *Connolly*, 1 Cl.Ct. at 319. Because the CSRA provides for review of plaintiff's claim by the MSPB and judicial review thereafter by the Court of Appeals for the Federal Circuit, review of plaintiff's claim in this court would be contrary to the comprehensive legislative scheme established by the CSRA and provide an unwarranted expansion of our jurisdiction. To permit federal employees to bypass the structure created by Congress would violate the intent of the CSRA and frustrate the ability of the established machinery to effectively and expeditiously address federal employee claims. Therefore, this court does not have jurisdiction to hear plaintiff's claim for back pay.

## II. *Claim for Moving Expenses*

■ Plaintiff also seeks reimbursement for moving expenses resulting from his transfer from Blaine, Washington to Denver, Colorado, alleging jurisdiction under the Tucker Act, 28 U.S.C. § 1491, and 5 U.S.C. § 5724. For this court to have jurisdiction over plaintiff's claim, however, plaintiff must demonstrate that the source of substantive law he relies upon "can fairly be interpreted as mandating compensation by the Federal Government for the

damage sustained." *United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976), *quoting Eastport S.S. Corp. v. United States*, 178 Ct.Cl. 599, 607, 372 F.2d 1002, 1009 (1967).

5 U.S.C. § 5724 provides, in pertinent part, as follows:

(a) Under such regulations as the President may prescribe and when the head of the agency concerned or his designee authorizes or approves, the agency *shall pay* from government funds [certain travel and transportation expenses]. (Emphasis supplied).

Defendant asserts that § 5724 does not mandate the payment of money and thus, under *Testan*, cannot form the basis for jurisdiction in this court. We disagree.

The statutory language clearly mandates compensation through its directive that the agency *"shall pay"* certain travel expenses. Therefore, 5 U.S.C. § 5724(a) may form the basis for jurisdiction under the Tucker Act, provided the conditions precedent to its applicability are properly pleaded, to wit: agency authorization or approval of the requested payment. Because plaintiff does not allege agency authorization or approval of his claimed moving expenses, he fails to satisfy the conditions precedent of § 5724(a). Therefore, plaintiff fails to state a claim under 5 U.S.C. § 5724 upon which relief can be granted. *See also* 5 U.S.C. § 5724(h).

## CONCLUSION

For the foregoing reasons, we find that this court does not have jurisdiction under either the Back Pay Act or the Civil Service Reform Act to hear plaintiff's claim for back pay. Additionally, with regard to his claim for moving expenses, plaintiff fails to state a claim under 5 U.S.C. § 5724 upon which relief can be granted. Therefore, defendant's motion to dismiss is GRANTED and plaintiff's complaint is to be DISMISSED.

IT IS SO ORDERED.