**Wilfred I. BIVENS**

v.

**The UNITED STATES.**

No. 537–84C.

United States Claims Court.

June 19, 1985.

Robert F. Hagans, Jr., Norfolk, Va., for plaintiff.

Terrence S. Hartman, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, for defendant. Pam Smith, Naval Sea Systems Command, Washington, D.C., of counsel.

## ORDER

YOCK, Judge.

This civilian pay case comes before the Court on the defendant's motion to dismiss for lack of jurisdiction filed January 28, 1985.

### Facts

In July 1980, the plaintiff, Wilfred I. Bivens, an employee of the Norfolk Naval Shipyard, underwent a routine physical examination. After the examination, the examining physician, Dr. H.B. Eisberg, informed the plaintiff that he was unfit to continue in his present job. Dr. Eisberg also allegedly advised the plaintiff that he would have to retire because of such disability. As a result, during September 1980, the plaintiff submitted an allegedly involuntary application for disability retirement. Dr. Eisberg again examined the plaintiff, on October 8, 1980, and again concluded that he was not qualified to perform any duty at the Shipyard and classified him as "III–B," permanent nonwork status.

In accordance with the plaintiff's application for disability retirement, he was placed on leave without pay when his accrued sick and annual leave expired on December 10, 1980. Subsequently, Dr. George M. Smith, Medical Director of the United States Office of Personnel Management, concluded that Dr. Eisberg had incorrectly diagnosed the plaintiff as having disabling medical problems. As a result, the plaintiff's application for disability retirement was denied by the Office of Personnel Management (OPM) on March 24, 1981. The plaintiff sought reconsideration of this denial, but his request for disability retirement was again denied.

The plaintiff then appealed the OPM decision to the Merit Systems Protection Board (MSPB). While his appeal was pending, he requested that he be allowed to return to work and that he be compensated for lost wages. The Shipyard informed the plaintiff, however, that he was precluded from returning to work until resolution of his application for disability retirement. On February 24, 1982, the MSPB dismissed the plaintiff's appeal at his request. One week later, Mr. Bivens again requested that he be allowed to return to work and that he be compensated for lost pay and allowances.

At the request of the Shipyard, the plaintiff underwent another medical examination to determine whether he could perform his duties. A Shipyard doctor, however, once again classified the plaintiff as "III–B." On May 26, 1982, the Shipyard asked the plaintiff to have his own doctor submit information regarding his fitness for duty within a specified period of time. After that time had elapsed without the plaintiff's doctor submitting any information, the Shipyard ordered the plaintiff to submit to a fitness for duty examination, which could be performed by the Navy's occupational health doctor or by a certified physician suggested by the plaintiff. Thereafter, based upon an examination performed by the plaintiff's doctor, the Shipyard medical officer reclassified Mr. Bivens as "II–B," not qualified for full duty/altered fitness assignment recommended. On February 3, 1983, the plaintiff agreed to return to work as a lower grade supply clerk due to his permanent physical restrictions.

On October 19, 1984, the plaintiff filed a complaint with this Court, asserting jurisdiction on the basis of 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671, *et seq.* On January

28, 1985, the defendant filed a Motion to Dismiss, contending that this Court lacked jurisdiction over the subject matter of the complaint. Specifically, the defendant argued that the plaintiff's complaint sounded in tort and that 28 U.S.C. § 1346(b) speaks to jurisdiction in the district courts of the United States. Prior to responding to the defendant's motion, the plaintiff moved to amend his complaint to assert jurisdiction based on the Tucker Act, 28 U.S.C. § 1491 (1976); 5 U.S.C. § 7512; 5 U.S.C. § 7513; the Back Pay Act of 1966, 5 U.S.C. § 5596; and the Lloyd-LaFollette Act, 5 U.S.C. § 652A. After the defendant had relied in opposition to the plaintiff's Motion to Amend Complaint, the Court granted the plaintiff's motion to amend his complaint which was filed on May 2, 1985. On the same day, the plaintiff responded to the defendant's Motion to Dismiss and argued for subject matter jurisdiction on the basis of the Tucker Act, 28 U.S.C. § 1491, and the Back Pay Act, 5 U.S.C. § 5596. The defendant filed its reply on June 10, 1985, which now seeks the dismissal of the plaintiff's complaint on jurisdictional grounds different from those originally discussed in the motion to dismiss.

## Discussion

The question presented, at this juncture, is whether the Court has subject matter jurisdiction over the plaintiff's claim seeking back pay, allowances, and medical expenses for the period of time in which he was placed on leave without pay (approximately 2 years and 1 month).

■ As indicated above, the plaintiff's amended complaint asserts jurisdiction based on the Tucker Act, 28 U.S.C. § 1491 (1976); 5 U.S.C. § 7512; 5 U.S.C. § 7513; the Back Pay Act of 1966, 5 U.S.C. § 5596; and the Lloyd-LaFollette Act, 5 U.S.C. § 652A. The Tucker Act—the primary jurisdictional statute conferring jurisdiction on this Court—states, in pertinent part, that:

[A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any

express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

This statute does not, however, create any substantive right of recovery against the United States for money damages. *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 605–07, 372 F.2d 1002, 1007–09 (1967). Rather, it merely confers jurisdiction upon this Court whenever a substantive right of recovery exists. *United States v. Testan, supra,* 424 U.S. at 398, 96 S.Ct. at 953; *United States v. Connolly,* 716 F.2d 882, 885 (Fed.Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984). A claimant, therefore, must look beyond this jurisdictional statute and establish an express waiver of sovereign immunity with respect to his claim. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *United States v. Connolly, supra,* 716 F.2d at 885. Specifically, the plaintiff must point to some substantive statute or regulation which mandates money judgment recovery in this Court under the Tucker Act.

■ Accordingly, in addition to 28 U.S.C. § 1491, the plaintiff's amended complaint alleges jurisdiction based upon 5 U.S.C. § 7512; 5 U.S.C. § 7513; the Back Pay Act of 1966, 5 U.S.C. § 5596; and the Lloyd-La-Follette Act, 5 U.S.C. § 652A. As regards 5 U.S.C. § 652A, the Court agrees with the Government that this section does not provide this Court with jurisdiction over the plaintiff's complaint, since section 652A was not part of the U.S. Code at the time the plaintiff's cause of action accrued.

■ As regards 5 U.S.C. § 7512, the Court must likewise agree with the Government that this section does not create any substantive rights against the United States which are enforceable in this Court. Moreover, while 5 U.S.C. § 7513 provides a Government employee with a right to appeal an adverse agency action to the MSPB, judicial review of such MSPB action

is to the United States Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703. Therefore, the defendant is correct that neither section 7512 nor section 7513 provides this Court with jurisdiction over the plaintiff's complaint.

The plot thickens, however, when the plaintiff asserts that the Back Pay Act, 5 U.S.C. § 5596, provides the necessary substantive jurisdictional basis for an action in this Court. 5 U.S.C. § 5596(b)(1) provides, in pertinent part, that:

> An employee of an agency who, on the basis of a timely appeal or an administrative determination (including a decision relating to an unfair labor practice or a grievance) is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee * * * [is entitled to various forms of relief].

■ The Court of Claims has noted that because the Back Pay Act is merely derivative in its application, it "does not, in and of itself, authorize a suit in this court." *Montalvo v. United States*, 231 Ct.Cl. 980, 982 (1982). Rather, for this Court to acquire jurisdiction under the Back Pay Act, the aggrieved party must demonstrate that the alleged "unjustified or unwarranted personnel action" specified in the Back Pay Act violated a statute or regulation covered by the Tucker Act. *See United States v. Connolly*, 716 F.2d 882, 887 (Fed.Cir.1983); *McClary v. United States*, 7 Cl.Ct. 160, 162 (1984).

■ While the defendant is arguably correct that the Back Pay Act does not by itself confer the necessary statutory basis for jurisdiction in this Court, it appears that the plaintiff has indirectly alleged in his amended complaint the violation of civil service pay statutes and/or civil service medical disability regulations, which may provide the substantive statutory or regulatory basis for jurisdiction in this Court. *See United States v. Connolly, supra,* 716

F.2d at 887. The Court is, therefore, loath to dismiss the plaintiff's complaint until this matter has been directly addressed by the parties. Perhaps a further amendment to the plaintiff's amended complaint is warranted. In any case, however, it appears to this Court, at this early juncture, that the parties should be given the opportunity to reflect on the above observations and to take the appropriate action that is called for after a careful reevaluation of this matter.

Here, the plaintiff has alleged that he was an employee of an executive agency at the time of the alleged unjustified or unwarranted personnel action and that this Court is the "appropriate authority" to correct, if necessary, the alleged unjustified or unwarranted personnel action. *See* 5 C.F.R. § 550.803 (1980). While the Court agrees with the Government that for the Back Pay Act to apply, an appropriate authority must first find an "unjustified or unwarranted personnel action," *i.e.*, an action which is prohibited by statute, regulation, etc., it believes that further factual development and legal briefing is necessary in order for the jurisdictional issue to be properly resolved. The two critical jurisdictional issues, which require further briefing before this Court would be prepared to hold that the Back Pay Act does not (along with the pay statutes and medical disability regulations discussed above) confer jurisdiction on this Court in the instant case, are: (1) whether the Civil Service Reform Act of 1978 precludes this Court from asserting jurisdiction over this matter at all; and (2) whether the Back Pay Act, in the instant context, fails to confer jurisdiction on this Court over *any* "unjustified or unwarranted personnel action," even where the plaintiff alleges a specific violation of a Government or agency personnel regulation or statute that is unrelated to disciplinary matters. *See Gilmore v. United States*, 6 Cl.Ct. 323, 325–27 (1984). *Cf. United States v. Connolly, supra*, 716 F.2d at 887–88; *Fausto v. United States*, 7 Cl.Ct. 459, 460–61 (1985);

*McClary v. United States,* 7 Cl.Ct. 160, 162 (1984).

Assuming that this matter continues to trial, the primary factual question for this Court's determination would appear to be whether the plaintiff voluntarily or involuntarily applied for disability retirement. If the plaintiff voluntarily applied for disability retirement, no unjustified or unwarranted personnel action appears to exist from the facts presently before this Court. However, if the plaintiff can prove that he involuntarily applied for disability retirement, the Government may well be obligated to compensate him for his lost pay and allowances.

Therefore, the defendant's motion to dismiss is denied without prejudice, since this jurisdictional matter needs further thought and ventilation.

IT IS SO ORDERED.