This pro se case is before the court on defendant’s motion for summary judgment, without oral argument, and without response from plaintiff to the motion. The case involves a claim for back pay and reinstatement by a former government employee.
Plaintiff was an employee of the Selective Service System from 1967 to 1976. By letter dated January 22, 1976, plaintiff was notified that she would be separated because of a reduction in force, effective February 28, 1976. Attached to that letter was a copy of plaintiffs appeal rights. However, plaintiff never appealed her removal, has failed to exhaust her administrative remedy and therefore her claim is barred. Wilmot v. United States, 205 Ct.Cl. 666 (1974).
Later she was employed by the U.S. Bureau of Prisons. She resigned for various reasons, one of which appears to have been her inability to distinguish between Bureau employees and prisoners. She has complained of discrimination there, but does not state any cause of action respecting her separation with any specificity. To the extent that plaintiffs petition is read to pray for relief because of alleged discrimination, this court lacks jurisdiction. Section 717 of the Civil Rights Act of 1964, as added by § 11 of the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16(c) permits an aggrieved employee to file a civil action only in federal district court for review of discrimina *602 tion claims. Brown v. General Services Administration, 425 U.S. 820 (1976).
Accordingly, defendant’s motion for summary judgment is granted and plaintiffs petition is dismissed.