**John Smith McGEE**

v.

**The UNITED STATES.**

No. 5–84C.

United States Claims Court.

July 6, 1984.

John Smith McGee, pro se.

George M. Beasley, III, Washington, D.C., with whom was Acting Asst. Atty.

Gen. Richard K. Willard, Washington, D.C., for defendant.

## OPINION

MEROW, Judge:

This matter comes before the court on defendant's motion for summary judgment filed May 15, 1984. No response has been filed and the time to so file has expired.

In his complaint filed in this matter, plaintiff contests his discharge for cause, effective July 10, 1979, from his temporary (not to exceed one year) appointment on May 16, 1979 as a sheet metal mechanic at the Long Beach Naval Shipyard. Plaintiff also seeks compensation for the Navy's action in denying an incentive award for an idea he submitted concerning painting the interior of duct work on Navy vessels.

Under the Civil Service Reform Act of 1978, 5 U.S.C. § 7511(a)(1)(A), as a temporary appointee, plaintiff was not an "employee" covered by the statutes governing removals. No appeal to the Merit Systems Review Board was available. *Stern v. Department of the Army*, 699 F.2d 1312 (Fed.Cir.), *cert. denied*, — U.S. —, 103 S.Ct. 3095, 77 L.Ed.2d 1354 (1983). As the remedies under the Civil Service Reform Act are all-inclusive, this court also has no jurisdiction to review plaintiff's dismissal. *United States v. Connolly*, 716 F.2d 882 (Fed.Cir.1983).[1]

With respect to plaintiff's $10 million duct-painting claim, it is not at all clear that the court has jurisdiction to consider it. The statute involved, 5 U.S.C. § 4503, provides that the head of an agency "may" pay a cash award for employee suggestions. Awards are limited to $10,000 (or $25,000 with the approval of the Office of Personnel Management). 5 U.S.C. § 4502(a)–(b). This statute does not "man-

---

1. To the extent plaintiff's complaint asserts that his dismissal was racially motivated, this court clearly has no jurisdiction. *Allison v. United States*, 211 Ct.Cl. 332, 546 F.2d 430 (1976); *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Transfer to a district court pursuant to 28 U.S.C.

§ 1631 would not be appropriate in view of plaintiff's failure to exhaust administrative remedies applicable to racial discrimination claims. *See Perry v. United States*, 225 Ct.Cl. 610 (1980); *Johnson v. Bergland*, 614 F.2d 415 (5th Cir. 1980).

date" the payment of money, the test usually required for jurisdiction in this court premised upon the "Act of Congress" segment of 28 U.S.C. § 1491. *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). *See Adair v. United States*, 227 Ct.Cl. 345, 648 F.2d 1318 (1981) (variable incentive pay statute, 37 U.S.C. § 313); *Uraga v. United States*, 4 Cl.Ct. 106 (1983); *Doe v. United States*, 224 Ct.Cl. 632, 650 F.2d 287 (1980) (witness protection program).

However, in *Griffin v. United States*, 215 Ct.Cl. 710 (1978), the court assumed jurisdiction over an incentive award controversy by finding that if and when the employee's suggestion is officially adopted, an implied-in-fact contract comes into existence. Accordingly, jurisdiction over a claim for an additional amount over that awarded would then be premised upon the "implied contract with the United States" segment of 28 U.S.C. § 1491. In *Griffin* the court's panel contrasted the result there reached as to jurisdiction when the employee suggestion is so officially adopted with the court's prior decision reached (*en banc*) in *Kempinski v. United States*, 164 Ct.Cl. 451, *cert. denied*, 377 U.S. 981, 84 S.Ct. 1889, 12 L.Ed.2d 749 (1964), which can be read as a flat denial of jurisdiction when the employee suggestion was rejected.

It is difficult to square the *Griffin* decision with the reasoning set forth in subsequent similar circumstances in *Adair v. United States* and *Doe v. United States*, *supra*. However, in the instant case it is undisputed that plaintiff's duct-painting suggestion was not officially adopted. In fact, undisputed affidavits submitted by defendant deny that any use was made of the suggestion.

In this circumstance, even under the *Griffin* contract standard, assuming its continued vitality, this court has no jurisdiction over plaintiff's incentive award claim.

Thus, as the court lacks jurisdiction over plaintiff's pleaded claims, it is ORDERED that defendant's motion filed May 15, 1984

is granted and the complaint is to be dismissed.