Joseph A. FAUSTO

v.

UNITED STATES.

No. 103–83C.

United States Claims Court.

Feb. 28, 1985.

Joseph A. Fausto, pro se.

Robert A. Reutershan, Washington, D.C., with whom was Acting Asst. Atty. Gen., Richard K. Willard, Washington, D.C., for defendant.

## OPINION

SETO, Judge.

In this civilian pay case, plaintiff seeks to recover back pay allegedly owed to him as a result of the Fish & Wildlife Service's termination of his employment. The underlying issue is whether the Civil Service Reform Act of 1978 establishes so comprehensive a scheme for the review of federal employee personnel actions as to preclude jurisdiction in this court under the Back Pay Act. For the reasons stated below, defendant's cross-motion for summary judgment is granted.

## FACTS

Plaintiff, Joseph Fausto, was hired on January 8, 1978, by the U.S. Department of the Interior Fish and Wildlife Service ("FWS"), as an Administrative Officer for the Back Bay Young Adult Conservation

Corps ("Back Bay") camp in Virginia Beach, Virginia. Plaintiff's position as an "excepted service," term employee was to last no longer than the earlier of either the termination of the Back Bay program, or September 30, 1982.

On November 21, 1980, plaintiff was advised that the FWS intended to terminate his employment for cause. The allegations against plaintiff included, inter alia, the unauthorized use of a government vehicle. Plaintiff replied to the charges against him on December 18, 1980. After considering all of the evidence, the FWS removed plaintiff from his position on January 16, 1981.

The FWS permanently closed the Back Bay camp on September 18, 1981. After admitting that plaintiff had not been apprised of his grievance rights, however, the FWS provided plaintiff the opportunity to challenge his removal. Plaintiff thereafter filed a formal grievance with the Department of the Interior.

On June 30, 1982, Mr. Ashe, the Deputy Regional Director of the FWS, concluded that plaintiff should not have been removed from his position. However, he also found that a 30-day suspension without pay for the unauthorized use of a government vehicle was warranted. The other charges were viewed as *de minimis* and not supportive of any penalty. On behalf of the FWS, Mr. Ashe offered, and plaintiff accepted, back pay from February 15, 1981, the date plaintiff's 30-day suspension would have ended, until September 18, 1981, the date the Back Bay camp was officially closed. Alleging that this relief was inadequate, plaintiff pursued his claim to the Department of the Interior's Office of Hearings and Appeals and, ultimately, to the Secretary of the Interior. At each stage, the FWS decision was upheld.

On February 1, 1983, the FWS officially noted plaintiff's suspension and subsequent involuntary termination due to the September 18, 1981, closing of the Back Bay camp. On February 28, 1983, plaintiff filed this action alleging jurisdiction under the Back Pay Act seeking back pay, beyond that he has already received, for both the period of his allegedly unwarranted suspension and a period beyond his termination of September 18, 1981. This case is presently before the court on cross-motions for summary judgment.

## DISCUSSION

Although plaintiff asserts jurisdiction under the Back Pay Act, 5 U.S.C. § 5596 (1982), defendant argues that the Civil Service Reform Act of 1978 ("CSRA"), Pub.L. No. 95–454, 92 Stat. 1111 (1978) prevents this court from acquiring jurisdiction over plaintiff's claim. In particular, defendant contends that the CSRA enumerates an all-inclusive catalogue of remedies for adverse personnel actions and therefore impliedly precludes judicial review of federal employee claims in the U.S. Claims Court, or any other judicial forum. Plaintiff rejoins that the Back Pay Act may provide an independent basis for jurisdiction in this court, despite the sweeping mandate of the CSRA.

■ It is well-settled that the CSRA, which effected an extensive reorganization of the civil service system, establishes a comprehensive scheme for review of federal employee personnel actions. That comprehensive scheme contemplates that for major personnel actions ("adverse actions"), direct judicial review be available only *after* extensive prior administrative proceedings. *See Carducci v. Regan,* 714 F.2d 171, 174–175 (D.C.Cir.1983). As the Claims Court noted: "In establishing the Merit Systems Protection Board, Congress created a system whereby personnel actions which are to be reviewed outside the employing agency are first considered within the executive branch and reach the federal courts at the appellate level on the basis of the administrative record." *Connolly v. United States,* 1 Cl.Ct. 312, 319, 554 F.Supp. 1250 (1982), *aff'd in part, United States v. Connolly,* 716 F.2d 882 (Fed.Cir.1983).

Since the *Connolly* decision, the Claims Court has held on several occasions that an employee's right to seek review of an ad-

verse action must be found, if at all, in the CSRA. For example, in *McGee v. United States*, 5 Cl.Ct. 480 (1984), a temporary employee who could not appeal to the Merit Systems Protection Board under the CSRA sought judicial review of his discharge in the Claims Court. The court held that because "the remedies under the Civil Service Reform Act are all-inclusive, this court also has no jurisdiction to review plaintiff's dismissal." *Id.* at 481; *But see Kennedy v. United States*, 5 Cl.Ct. 792 (1984) (the enactment of the CSRA did not abrogate the Claims Court's jurisdiction over cases where a statutorily created substantive right is allegedly unconstitutionally violated and where no other review is specifically provided for under the CSRA).

■ In the instant case, appeal to the Merit Systems Protection Board was not available to plaintiff. *See Fausto v. U.S. Department of the Interior*, 738 F.2d 454 (Fed.Cir.1984). Accordingly, we interpret the CSRA as comprising a comprehensive catalogue of remedies for adverse personnel actions, and therefore find that plaintiff may not assert jurisdiction under the Back Pay Act for review of his claims in this court.

Even assuming, arguendo, that plaintiff could assert jurisdiction under the Back Pay Act, he would not be entitled to the relief requested. Plaintiff claims that he is entitled to back pay from January 17, 1981 through February 1, 1983. Defendant contends that plaintiff has been compensated for the entire period of his wrongful removal, i.e., from the end of his suspension until the Back Bay camp was closed, and that plaintiff is not entitled to any further compensation.

■ It is well-established that a wrongfully separated government employee shall receive all pay and benefits he is entitled to for the period of his wrongful discharge. 5 U.S.C. § 5596(b)(1) (1982); *See Sampson v. Murray*, 415 U.S. 61, 75, 94 S.Ct. 937, 945, 39 L.Ed.2d 166 (1974). That requirement, however, has been met in the instant case. In this regard, the court's reasoning and holding in *Kozak v. United States*, 198 Ct.Cl. 31, 458 F.2d 39 (1972), is instructive. In *Kozak*, plaintiff was wrongfully separated from a division within the Library of Congress. The court limited Kozak's recovery of back pay to the date on which his division was abolished. The court reasoned that since Kozak's retention rights were limited to his division, there was no possibility that his job could have continued beyond the division's termination, and that his entitlement to back pay ended when his division was abolished. *Kozak*, 198 Ct.Cl. at 37, 458 F.2d at 41–42.

■ Plaintiff was an excepted-service, term employee with no retention rights, *see* Defendant's Cross-Motion Attachments D and F, whose employment with the FWS could last no longer than the duration of the Back Bay program. Therefore, plaintiff's rights to, and benefits of, employment ceased with the September 18, 1981, closing of the Back Bay camp. Thus, even if no disciplinary action had been taken by the FWS on plaintiff's case, his entitlement to pay would have ended on September 18, 1981. The fact that certain disciplinary action was taken, does not change the result. Accordingly, plaintiff cannot recover back pay beyond September 18, 1981.

■ Although plaintiff received back pay for the period February 15, 1981, to September 18, 1981, he contends that because his suspension was unwarranted, he should receive compensation for the period from January 17—February 14, 1981, as well. We do not agree. Because plaintiff admits that he willfully misused a government vehicle, *see* Defendant's Cross-Motion Attachment C, he is subject to a statutorily mandated suspension without pay for not less than one month. 31 U.S.C. § 638a(c)(2)(1976) (current version at 31 U.S.C. § 1349(b) (1982)); *See Devine v. Nutt*, 718 F.2d 1048, 1055 (Fed.Cir.1983). Therefore, we find that the imposition of a 30-day suspension was proper and that plaintiff is not entitled to back pay for the period of this suspension. *See Clark v. United States*, 162 Ct.Cl. 477, 486–487 (1963).

**462**

## CONCLUSION

For the reasons presented herein, we conclude that this court does not have jurisdiction to review plaintiff's claims. In the alternative, we find that plaintiff has recovered all back pay to which he is entitled. Therefore, any procedural transgression by the government in handling plaintiff's administrative appeal is deemed to be harmless error. Accordingly, defendant's cross-motion for summary judgment is GRANTED, plaintiff's motion for summary judgment is DENIED, and plaintiff's complaint is to be DISMISSED.