**Oakerlee Irene FERNANDEZ, Plaintiff,**

**v.**

**The UNITED STATES, Defendant.**

**No. 592–86C.**

United States Claims Court.

Aug. 12, 1987.

---

Oakerlee Irene Fernandez, pro se.

Lynn J. Bush, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant. Kevin W. Bond, Dept. of the Army, Suzanne Bryant, E.P.A., Cathleen M. Sadlo, Dept. of Labor, Robert McGinty, Small Business Admin., Lynn Golstein, Drug Enforcement Admin., Paul J. Knapp, Selective Service System, of counsel.

## OPINION

FUTEY, Judge.

This case, filed by plaintiff on September 24, 1986, comes before the court on defendant's motion to dismiss. Plaintiff in this action alleges that she has been repeatedly fired from various jobs with the federal government in Washington, D.C., and, more recently, has been denied any employment opportunities at all. Plaintiff seeks reinstatement with back pay to one of the two permanent positions she held with the federal government in the 1970's or, alternatively, damages in the amount of $200,-000. For the reasons stated hereinafter, defendant's motion to dismiss is granted.

### Background

In her complaint, plaintiff indicated that she worked as a clerk-typist for the Selective Service System nine years, achieving a GS rating of grade 6, step 4, before being severed pursuant to a reduction-in-force (RIF) in 1976. Plaintiff stated she was then hired at an equivalent salary as a GS-5, step 8, data coordinator by the Federal Bureau of Prisons, but resigned in July 1977.[1] In the following years, plain-

---

1. These separations from federal employment were the subject of an earlier lawsuit filed with the Court of Claims, *Fernandez v. United States,* 227 Ct.Cl. 601 (1981), which was dismissed on the grounds that, with regard to the Selective Service System, plaintiff had not exhausted her

tiff took a series of temporary clerk-typist jobs listed in the complaint as follows:

1978—Small Business Administration, a three-month position which plaintiff stated was canceled "after about 21 days."

1979—Department of Labor, a one-year position from which plaintiff was terminated "after 17 days."

1979—Selective Service System, a three-month position from which plaintiff was terminated "on (her) second day."

1980—Environmental Protection Agency, a one-year position from which plaintiff was fired "on (her) seventh day."

1981—D.C. Department of Transportation, an 18–month position from which plaintiff was terminated "after (her) third month."

1983—The Pentagon, "Office of Congressional Legislative Liaison," a one-year position from which plaintiff was discharged "on (her) 27th day."

Thereafter, plaintiff stated that she worked briefly in 1985 with Time-Life Libraries and was sent on various jobs as temporary help by Adia, Kelly Services, and TeleSec. She stated that she also tested and/or interviewed between 1984 and 1986 with the Drug Enforcement Administration, the Soldiers Home, and the FBI, but was not accepted for employment by these agencies.

In her complaint, plaintiff indicated that unsatisfactory job performance was the reason she was repeatedly given for her dismissals. Plaintiff disputes this characterization of her work, and asserts that the series of negative ratings she has received has undermined her ability to find any employment whatsoever in the clerk-typist/secretarial field. In this suit plaintiff seeks reinstatement with back pay to her GS–6, step 4, position with the Selective Service System or her GS–5, step 8, position with the Federal Bureau of Prisons, or, in the alternative, damages in the sum of $200,000.

Defendant filed a motion for a more definite statement in November 1986, requesting more specifics about plaintiff's employment record with the U.S. government. Plaintiff initially filed an opposition to this motion in December 1986 but, upon order of this court, filed a more definite statement on January 12, 1987, along with documentary evidence of her employment with the following federal agencies in Washington, D.C.:

(1) Small Business Administration, Office of Management Services, during March 1979;

(2) Department of Labor, Office of Workers' Compensation Programs, from July 16 to August 17, 1979;

(3) Environmental Protection Agency, Personnel Management Division, from October 21 to October 30, 1979;

(4) Selective Service System, Plans Directorate, from May 19 to May 20, 1980;

(5) Department of the Army, Office of Legislative Liaison, from which she was discharged September 22, 1982.

Plaintiff again listed her brief position with the D.C. Department of Transportation in 1980, without furnishing documentation thereof. Plaintiff also indicated that she was selected for an employment position by the Drug Enforcement Administration around 1984, but that after a background investigation and before she actually began to work, the position was canceled.

Defendant filed its motion to dismiss on April 6, 1987, arguing that all of plaintiff's claims listed in her original complaint and subsequent more definite statement were barred either by the statute of limitations or this court's lack of subject matter jurisdiction. Plaintiff filed no opposition to this motion and has not responded in any other way thereto.

*Discussion*

The United States Claims Court's primary jurisdictional statute is the Tucker Act, 28 U.S.C. § 1491 (1982). This statute provides that an action against the United

---

administrative remedy and, with regard to the Bureau of Prisons, plaintiff's only specific cause of action was a complaint of discrimination

over which a federal district court rather than the Court of Claims would have jurisdiction.

States may be maintained in the Claims Court if "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (1982).

## I.

28 U.S.C. § 2501 sets forth the following time period for filing claims:

"Every claim of which the United States Claims Court has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."

Thus, the six-year filing period is a statutory requirement and cannot be waived by the Court. *See Kirby v. United States,* 201 Ct.Cl. 527, 539 (1973), *cert. denied,* 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974). In determining when a claim first accrues, the Court has consistently looked to the date when all the events establishing the liability of the Government and entitling the claimant to institute an action have occurred. *See Oceanic Steamship Company v. United States,* 165 Ct.Cl. 217, 225 (1964), *Sauer v. United States,* 173 Ct.Cl. 642, 647, 354 F.2d 302, 304 (1965). In the case of claims based on dismissal from federal employment, such claims would accrue on the date(s) of dismissal. *See Welcker v. United States,* 752 F.2d 1577, 1580 (Fed.Cir.1985).

■ Defendant maintains that the foregoing statute of limitations bars all portions of plaintiff's suit based on federal employment which terminated before September 25, 1980, or six years prior to the filing of this lawsuit. This would include plaintiff's stints with the Small Business Administration, Department of Labor, Environmental Protection Agency, and Selective Service System, since whatever claims plaintiff may have had against the U.S. Government would have accrued on the dates of her separation, all of which had occurred by May of 1980. The court agrees with defendant's contention, finding that plaintiff's claims against the Small

Business Administration, Department of Labor, Environmental Protection Agency, and the Selective Service System, filed in this court on September 24, 1986, are barred for failure to comply with the statute of limitations. These portions of plaintiff's lawsuit must therefore be dismissed.

## II.

■ As for the plaintiff's alleged termination by the District of Columbia Department of Transportation in 1980 or 1981, this item does not represent a cause of action against the United States. This court and its predecessor, the Court of Claims, have consistently held that the District of Columbia is not an agency or instrumentality of the United States, and that the U.S. Government is not liable for the obligations of the District of Columbia as a municipal corporation unless the Congress has otherwise provided. *See Sweeney v. United States,* 152 Ct.Cl. 516, 522, 285 F.2d 444, 447 (1961), *Alexander v. United States,* 5 Cl.Ct. 57 (1984). Any claim which plaintiff might have based on her employment at the D.C. Department of Transportation must be pursued in the courts of the District of Columbia, rather than the U.S. Claims Court. This part of plaintiff's action must therefore be dismissed.

## III.

With regard to her job with the Department of the Army, plaintiff asserted that the position "was supposed to last one year" from August 1982 to August 1983. Defendant argues that such an appointment made plaintiff a term employee subject to removal during the trial period mandated by 5 C.F.R. § 316.304. This federal regulation provides that a term employee's first year of service is a trial period during which the agency may terminate the employee "at any time," so long as the procedures set forth in 5 C.F.R. § 315.804 entitled "Termination of probationers for unsatisfactory performance or conduct" are followed. Section 315.804 reads as follows:

When an agency decides to terminate an employee serving a probationary or trial

period because his work performance or conduct during this period fails to demonstrate his fitness or his qualifications for continued employment, it shall terminate his services by notifying him in writing as to why he is being separated and the effective date of the action. The information in the notice as to why the employee is being terminated shall, as a minimum, consist of the agency's conclusions as to the inadequacies of his performance or conduct.

Defendant argues that plaintiff's discharge by the Department of the Army on September 22, 1982, in accordance with the foregoing regulations does not entitle her to bring any cause of action in this court. Cited as judicial authority is the case of *Rosano v. United States*, 9 Cl.Ct. 137, 142 (1985), *aff'd*, 800 F.2d 1126 (Fed.Cir.1986) (*per curiam*) (adopting the decision of the Claims Court as its own), in which the court held that "since the effective date of the Civil Service Reform Act of 1978, Pub.L. 95–454, 92 Stat. 1135 (5 U.S.C. § 7511 *et seq.*) (CSRA), this court has no jurisdiction of claims for redress of adverse actions against probationary employees." Defendant urges dismissal of plaintiff's claim against the Army for lack of subject matter jurisdiction.

The court agrees with defendant's contention that subject matter jurisdiction of plaintiff's claim against the Army does not rest with this court, but it does not find the above-cited case and regulations controlling in the instant case. As previously stated, plaintiff in her complaint and subsequent more definite statement asserted that her position with the Army "was supposed to last one year." As defined in 5 C.F.R. § 316.301, however, a "term employee" is one appointed by an agency "for a period of *more than one year*" (emphasis added) up to a maximum of four years. A one-year appointment, therefore, does not constitute term employment invoking the trial or probationary period referred to by the Government in 5 C.F.R. § 316.304 and § 315.804.

In the Notification of Personnel Action which advised plaintiff of her discharge, effective September 22, 1982, the Army's explanation as to its legal authority for the action was a cryptic citation of "Reg. 316.-402(B)(1)." 5 C.F.R. § 316.402(b)(1), subtitled "Noncompetitive temporary limited appointments," provides that "an agency may give a temporary limited appointment without regard to the existence of an appropriate register to a person with eligibility for reinstatement." The immediately preceding subsection 5 C.F.R. § 316.401 defines a temporary limited appointment as employment for "a definite period of *one year or less* (emphasis added)." This time frame accords with the plaintiff's description of her job with the Army as a prospective one-year position. 5 U.S.C. § 7511(a)(1)(A), however, in defining the class of persons eligible to seek redress under the Civil Service Reform Act of 1978 for termination of their employment with the federal government, defines "employee" as follows:

For the purpose of this subchapter "employee" means an individual in the competitive service who is not serving a probationary or trial period under an initial appointment or who has completed 1 year of current continuous employment under other than a temporary appointment limited to 1 year or less.

■ Thus, plaintiff's "temporary limited appointment" with the Department of the Army did not make her an "employee" entitled to seek redress for her discharge under the Civil Service Reform Act of 1978. In *McGee v. United States*, 5 Cl.Ct. 480 (1984), a case involving a temporary civilian employee of the Navy contesting his discharge, the court held:

Under the Civil Service Reform Act of 1978, 5 U.S.C. § 7511(a)(1)(A), as a temporary employee, plaintiff was not an "employee" covered by the statutes governing removals. No appeal to the Merit Systems Protection Board was available. (citations omitted.) As the remedies under the Civil Service Reform Act are all-inclusive, this court also has no jurisdiction to review plaintiff's dismissal (citation omitted).

The court concludes that it lacks subject matter jurisdiction of plaintiff's claim

against the Department of the Army, and that this portion of the suit must be dismissed.

## IV.

With regard to plaintiff's claim against the Drug Enforcement Administration, plaintiff admits that she never actually went to work at that agency. She asserts that she was told by two employees at DEA in 1984 that she had been selected for a one-year position as a GS–4 "coding clerk," but after filling out some papers and being fingerprinted for the purposes of a background investigation she was advised some three months later that the position had been cancelled. It is well settled that a Government employee is entitled only to the rights and salary of a position to which he or she has actually been appointed by one having the authority to do so. *See Wilson v. United States*, 229 Ct.Cl. 510, 511 (1981). Plaintiff has furnished no documentary or other evidence that she was ever formally appointed to the position in question, or that the two DEA employees had the authority to make such an appointment. Thus, plaintiff has failed to establish that she had an employment relationship with the Drug Enforcement Administration which could form the basis of a substantive right to recover money damages from the United States under the Civil Service Reform Act of 1978, or any other Act. Accordingly, this portion of plaintiff's lawsuit must be dismissed for lack of subject matter jurisdiction in this court as set forth in 28 U.S.C. § 1491.

Similarly, plaintiff's complaints against the FBI and the Soldiers Home for not hiring her after she had taken typing tests and interviewed do not establish the existence of any employment relationship between the plaintiff and these agencies which could form the basis of a substantive right to recover money damages from the United States. Accordingly, these parts of the plaintiff's suit must also be dismissed for failure to pass jurisdictional muster.[2]

## V.

The final items in plaintiff's suit are the various private sector jobs she allegedly procured in 1985 through employment agencies and at Time-Life Libraries. As this court's jurisdiction extends only to claims against the United States, 28 U.S.C. § 1491, these claims against private industry must be dismissed.

### *Conclusion*

Based upon the law, and upon the facts and arguments presented, defendant's motion to dismiss is granted and plaintiff's complaint is to be dismissed. Each party is to bear its own costs.

IT IS SO ORDERED.

---

2. This reasoning also applies to plaintiff's additional interviews—"at least seven with the Securities and Exchange Commission, five with the Federal Bureau of Prisons, two with the Veterans Administration, three with the Federal Communications Commission, and two with the Federal Trade Commission"—as listed in her initial opposition to (defendant's) motion for more definite statement.