979 F.2d 217
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Edward B. BLOCK, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant/Cross-Appellant.
 Nos. 92-5039, 92-5042.
 United States Court of Appeals, Federal Circuit.
 Sept. 25, 1992.
 
 Before NIES, Chief Judge, FRIEDMAN, Senior Circuit Judge, and MAYER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Edward B. Block appeals from the June 11, 1991, judgment of the United States Claim Court, in Case No. 460-87, denying him compensation on all claims but one arising from "suggestions" made pursuant to the incentive awards program implemented by the Defense Industrial Supply Center (DISC), his former employer. Both parties appeal. We affirm.
 
 DISCUSSION
 
 2
 Block's suit sought compensation for nine suggestions made during the course of his employment, all allegedly adopted by DISC. The Claims Court awarded compensation for DISC's use of one of these suggestions (the so-called "suggestion number 3"), and granted the United States' motions to dismiss and for partial summary judgment with respect to the other eight.
 
 
 3
 In his appeal, Block challenges the Claims Court's findings regarding the adoption of suggestions 4-9 (or lack thereof) by DISC, and the scope of his job responsibilities vis-a-vis suggestions 1-2. Block also alleges error in the Claims Court's computation of his damages and in its denial of discovery. Upon review of the record, we find none of these contentions meritorious.
 
 
 4
 In its cross-appeal, the United States contends that because the statute and regulations creating the award incentive program cannot "fairly be interpreted as mandating compensation by the Federal Government" as required under United States v. Testan, 424 U.S. 392, 400 (1975), the Claims Court lacked jurisdiction to award compensation for DISC's use of "suggestion number 3". Assuming the statutes and regulations that define this program themselves do not satisfy the jurisdictional requirements of 28 U.S.C. § 1491(a)(1),[1] here, a committee awarded Block $400 for his "suggestion number 3". The agency allegedly sent Block a check, but Block claims he never received it. Because its defense of this case was growing lengthy and expensive, the United States chose not to dispute this fact. Thus, with respect to "suggestion number 3", the Claims Court clearly had jurisdiction to award compensation based upon the government's explicit promise to pay. That the compensation awarded differed from the $400 promised is, for our purposes, irrelevant. In its cross-appeal, the United States contests jurisdiction only; it does not challenge the amount of compensation. Therefore, because Block has not convinced us that additional discovery was necessary, we affirm this part of the judgment.
 
 
 5
 Respecting Block's other claims, the precedent is clear that the Claims Court has no jurisdiction to make an award for suggestions not adopted. McGee v. United States, 5 Cl.Ct. 480, 482 (1984). Thus, we affirm the dismissal of claims for compensation respecting suggestions 4-9.
 
 
 6
 We question whether under the regulations applicable here, an implied in fact contract arises upon the agency's adoption of a suggestion. A monetary award on a suggestion appears discretionary even after its adoption. See 5 U.S.C. § 4503 ("The head of the agency may pay a cash award ..." (emphasis added)); 5 C.F.R. § 451.207 ("[a]n award may be granted when the suggestion ... (a) Benefits the Government ...; and (d) Has been approved by the benefitting organization" (emphasis added)); Federal Personnel Manual § 3-3 ("[a]n award is not an entitlement. The decision to grant or not to grant an award, or to adopt or not to adopt a suggestion, is a management prerogative, thus is not grievable"). However, because Block has demonstrated no entitlement in any event, we leave that question open for resolution in a more appropriate case.
 
 
 
 [1]
 28 U.S.C. § 1491(a)(1) gives the United States Claims Court jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."