UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4065

ERIC LARIMORE JACKSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-97-422-A)

Submitted: August 4, 1998

Decided: September 1, 1998

Before MURNAGHAN and LUTTIG, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David S. Bracken, GREENBERG BRACKEN & TRAN, Alexandria,
Virginia, for Appellant. Helen F. Fahey, United States Attorney,
Damon J. Savoy, Special Assistant United States Attorney, Alexan-
dria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Eric Larimore Jackson appeals from a district court order affirming a magistrate judge's judgment of conviction and sentence for impersonating a District of Columbia police officer in violation of 18 U.S.C. § 13 (1994), assimilating Va. Code Ann.§ 18.2-174 (Michie 1996). Jackson alleges that there was insufficient evidence to support the court's finding of guilt. He also asserts that the magistrate judge erred in failing to grant Jackson's motion for judgment of acquittal, arguing that the Government erred in charging him with violating 18 U.S.C. § 13, assimilating Va. Code Ann. § 18.2-174, because the offense fell within the scope of 18 U.S.C. § 912 (1994). Finding no error, we affirm.

On January 28, 1997, Jackson and his wife were seated in a car parked in an overlook of the George Washington Memorial Parkway. United States Park Police Officer Kenneth Fornshill observed the vehicle and noticed trash on the ground directly outside the driver's side window of Jackson's car. Jackson was seated in the front passenger seat of the vehicle. Officer Fornshill approached the car and asked Jackson's wife, seated in the driver's seat, for identification. At that point, Jackson leaned forward and presented Fornshill with a District of Columbia Metropolitan Police Officer identification card bearing his photo. Fornshill asked Jackson if he was a Metropolitan Police Officer, and Jackson stated that he was. The identification card that Jackson presented was issued in 1971.

After Jackson's wife exited the vehicle, Fornshill asked her if Jackson was a police officer. She responded that Jackson used to work for the District of Columbia police. Fornshill then went around to the passenger side window and asked Jackson again if he was a Metropolitan Police Officer. Again, Jackson told Fornshill that he was. Fornshill then asked Jackson what district he worked in. Jackson replied that

2

he was inactive at the time. Upon further questioning, Jackson stated that he was not a police officer but that he had been one in the past. Jackson also admitted to presenting the identification card to another Park Police Officer earlier in the day. Officer Fornshill cited Jackson for impersonating a police officer, in violation of 18 U.S.C. § 13, assimilating Va. Code Ann § 18.2-174.

A bench trial was held before a magistrate judge in accordance with 18 U.S.C.A. § 3401 (West 1985 & Supp. 1998). Jackson moved for judgment of acquittal pursuant to Fed. R. Crim. P. 29(a), after the Government presented its evidence, arguing that the Government improperly charged him. The magistrate judge reserved decision on the motion, requested further briefing on the issue, and allowed the trial to proceed. The magistrate judge entered a judgment of conviction, from which Jackson appealed to the district court pursuant to 18 U.S.C. § 3402 (1994) and Fed. R. Crim. P. 58(g)(2)(B). After reviewing the record, the district court affirmed the decision of the magistrate judge. Jackson noted a timely appeal.

The district court's review of a conviction entered by a magistrate judge is not a trial de novo; rather the district court's review is the same as the review by a court of appeals of a decision by a district court. See Fed. R. Crim. P. 58(g)(2)(D); United States v. Peck, 545 F.2d 962, 964 (5th Cir. 1977). This court's review is governed by the same standard as is the district court's review. See United States v. Hughes, 542 F.2d 246, 248 (5th Cir. 1976).

We review challenges to the sufficiency of the evidence by viewing the evidence at trial in the light most favorable to the prosecution, including all reasonable inferences that can be drawn from the evidence. See Glasser v. United States, 315 U.S. 60, 82 (1942); United States v. Russell, 971 F.2d 1098, 1109 (4th Cir. 1992). Questions of law, however, are reviewed de novo on appeal. See United States v. Han, 74 F.3d 537, 540 (4th Cir.), cert. denied, 517 U.S. 1239 (1996).

First, we address whether the Government could charge Jackson under 18 U.S.C. § 13 or whether Jackson's conduct was covered by 18 U.S.C. § 912. Under 18 U.S.C. § 912, it is unlawful for a person to impersonate an officer or employee of the United States or any department, agency, or officer thereof. Jackson argues that, because

3

he was charged with impersonating a District of Columbia officer, his crime falls under § 912 because District of Columbia employees are employees of the federal government. Courts addressing this issue have consistently held that the District of Columbia is not a department or agency of the United States. See John McShain, Inc. v. United States, 375 F.2d 829, 830-31 (Ct. Cl. 1967); Fernandez v. United States, 12 Cl. Ct. 764, 767 (1987).

Jackson argues that, in many instances, District of Columbia police officers are deemed to be employees of the United States. Federal law affords District of Columbia employees federal employee status in certain instances. See, e.g., Federal Employees Compensation Act, 5 U.S.C. § 8101 (1994) (except as otherwise excluded by statute); Federal Employees Retirement Act, 5 U.S.C.A. §§ 8301-8351 (West 1996 & Supp. 1998). However, Congress specifically included District of Columbia employees in these statutes. Congress did not provide for inclusion when it enacted the predecessor to 18 U.S.C. § 912, when it amended the statute, or when it enacted subsequent legislation which included employees of some federal instrumentalities within the scope of 18 U.S.C. § 912. See Pierce v. United States, 314 U.S. 306, 310-12 (1941) (holding that neither the predecessor to 18 U.S.C. § 912 nor subsequent legislation brought employees of the Tennessee Valley Authority within the scope of the statute and holding that the absence of specific inclusion by Congress indicates an intention to exclude). Because Congress did not expressly include District of Columbia employees within the scope of the statute and because the District of Columbia is not a department or agency of the United States, 18 U.S.C. § 912 is not applicable to persons who impersonate District of Columbia police officers. Therefore, Jackson was properly charged.

Next, Jackson argues that his actions were insufficient to find that he impersonated an officer because he did not falsely assume or exercise the functions, powers, duties, and privileges incident to being a police officer. Jackson argues that just his affirmative answers to Officer Fornshill's questions are insufficient to convict him without further action. The statute reads: "[a]ny person who shall falsely assume or exercise the functions, powers, duties and privileges incident to the office of . . . police officer . . . or who shall falsely assume or pretend to be any such officer, shall be deemed guilty of a Class

4

1 misdemeanor." Va. Code Ann. § 18.2-174. It is clear from the statute that merely pretending to be a police officer is sufficient to violate the applicable law. Jackson's actions and responses when he presented his identification are sufficient to find that he falsely assumed or pretended to be a police officer of the District of Columbia.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5