Charles C. SHELLEMAN, Jr., et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 467–85C.

United States Claims Court.

Jan. 31, 1986.

Joseph B. Scott, Washington, D.C., for plaintiffs.

Wendy Kloner, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

OPINION

REGINALD W. GIBSON, Judge:

This is a claim for back pay relating to a period of several years during which plaintiffs were unlawfully separated from employment by the Federal Aviation Administration (FAA). Plaintiffs are air traffic controllers who were separated from employment in 1981 for their alleged participation in the now famous air traffic controllers strike organized by the Professional Air Traffic Controllers Organization (PATCO). They appealed their separation to the Merit Systems Protection Board (MSPB) which reversed the dismissals and reinstated them to their former positions and ordered the FAA to award them appropriate back pay. While both parties in this court acknowledge the propriety of plaintiffs' entitlement to back pay, their complaint centers around the actual *method* of calculating the specific amount of back pay which was determined by the FAA. Plaintiffs assert that the *method* utilized by the FAA (based on the individual employee's previous overtime hours worked) to calculate the overtime and holiday pay elements of their back pay awards resulted in a smaller award than the amount to which they are actually entitled pursuant to the Back Pay Act, 5 U.S.C. § 5596 (1982) (based on the amount of overtime that nonstriking air traffic controllers worked during the period of the strike).

Plaintiffs premise subject matter jurisdiction in this court on the Tucker Act, 28 U.S.C. § 1491 (1982). They concomitantly contend that their cause of action is also within this court's jurisdiction pursuant to the Back Pay Act, 5 U.S.C. § 5596 (1982). Conversely, defendant replies with a motion to dismiss averring lack of subject matter jurisdiction by claiming that the Civil Service Reform Act (CSRA)[1] and Reorganization Plan 2[2] vest exclusive jurisdiction over the subject matter of the plaintiffs' claims in the Merit Systems Protection Board. Accordingly, defendant further avers that the MSPB has such continu-

1. Pub.L. 95–454, 92 Stat. 1111 (1978).

2. 43 Fed.Reg. 36037 (1978).

ing jurisdiction sufficient to compel full compliance with its original back pay order. Upon a careful review of the pleadings and recent precedents binding on this court, we are constrained to agree with defendant that plaintiffs' petition should be dismissed, with prejudice, for lack of subject matter jurisdiction. *See* RUSCC 12(b).

## FACTS

Through August of 1981, plaintiffs were all air traffic controllers represented nationally by PATCO. Beginning on August 3, 1981, PATCO organized and called for its membership to engage in a nationwide strike at federal aviation facilities located around the country. Because plaintiffs were members of said union and did not report to work during the strike period, the FAA instituted removal actions against them for alleged participation in an illegal strike against the government. The FAA in its preliminary investigation ultimately found the plaintiffs guilty of strike participation and unexcused leave. Thereafter, plaintiffs were formally removed from their positions as air traffic controllers.

Following their discharge, plaintiffs petitioned the FAA for review of its termination order(s). However, none of the plaintiffs were reinstated as a result of said petition. Subsequently, plaintiffs appealed from the agency's (FAA) decision to their respective Regional Offices of the MSPB for reinstatement pursuant to the procedure outlined in the Civil Service Reform Act of 1978 and Reorganization Plan 2 of 1978.

Upon MSPB review, said Board determined that the plaintiffs all had legitimate excuses for their absences during the strike period. As a result, plaintiffs were found not to be strikers and the Board cancelled the removal actions of the FAA and ordered their reinstatement retroactive to the date of their removals. Pursuant to

the Board's reinstatement orders, including the Back Pay Act,[3] the FAA paid plaintiffs and other similarly reinstated air traffic controllers certain amounts of back pay. Although the record is not clear as to the precise components of the total back pay paid after reinstatement, said pay apparently consisted of lost straight-time salary for the period of the wrongful employment discharge, as well as an increment relating to overtime and holiday benefits. Dissatisfied with the FAA's payment scheme, plaintiffs now bring suit for an alleged uncompensated portion of their back pay award arising out of a perceived miscalculation of their overtime and holiday pay entitlements.

Rather than first petitioning the MSPB to enforce the payment of the balance of their respective back pay claims, plaintiffs initially sought relief by bringing suit in the United States District Court for the District of Columbia. In the district court, however, plaintiffs subsequently voluntarily dismissed their own complaint.[4] Subsequently, on August 13, 1985, plaintiffs filed their claims in this court.[5] In response to plaintiffs' petition in this court, defendant has filed a motion to dismiss for lack of subject matter jurisdiction. In its September 27, 1985 motion to dismiss, defendant vigorously objected to the government being sued in this forum on the premise that the statutory framework of the Civil Service Reform Act renders this court without the subject matter jurisdiction to hear the plaintiffs' back pay claims.

## DISCUSSION

The question presented by defendant's motion to dismiss concerns the propriety of Tucker Act jurisdiction in this court based on either the Back Pay Act or the CSRA. Stated differently, the issue is whether subject matter jurisdiction over plaintiffs'

---

**3.** 5 U.S.C. § 5596 (1982).

**4.** *See* Defendant's Motion to Dismiss at 2 n. 1., stating such suit, challenging defendant's method of calculating their overtime back pay, was voluntarily dismissed on August 13, 1985.

**5.** Three of the plaintiffs in the district court proceeding, plus Charles Lentile, filed suit in this court on August 13, 1985.

claims is lacking in this court because the MSPB has exclusive jurisdiction over subject claims. Plaintiffs have asserted that both statutes equally award this court with appropriate jurisdiction over plaintiffs' back pay claims. Defendant, on the other hand, while essentially ignoring plaintiffs' jurisdictional claims bottomed on the Back Pay Act, asserts that jurisdiction over plaintiffs' claims is lacking simply because the MSPB has *exclusive* jurisdiction over the entire subject claim. In resolving the parties' divergent contentions regarding jurisdiction, we find it to be appropriate to discuss (1) whether the Back Pay Act, alone, may form the statutory basis of an action in the Claims Court within the jurisdictional confines of the Tucker Act; and (2) whether the CSRA is an *inappropriate* statutory basis for Tucker Act jurisdiction because *exclusive* jurisdiction relative to CSRA claims lies, at first instance, in the MSPB, with an exclusive appeal to the Federal Circuit.

### I. *Jurisdictional Requirements of the Tucker Act Re The Back Pay Act*

■ Because the Claims Court is a court of exceedingly limited statutory jurisdiction, all claims brought before the court must strictly satisfy the elements of our jurisdictional statute, *i.e.,* 28 U.S.C. § 1491 (1982), better known as the Tucker Act. Where the operative elements of the Tucker Act are not satisfied, this court is clearly without subject matter jurisdiction to pass on the substantive issue(s) raised.

The boundaries of the Claims Court's jurisdiction, as detailed in the Tucker Act, are as follows:

(a)(1) The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

It is well settled, of course, that the Tucker Act is strictly jurisdictional and does not *ipso facto* create any substantive rights enforceable against the United States for money damages. *See e.g. United States v. Connolly,* 716 F.2d 882, 885 (Fed.Cir.1983). Accordingly, it is now consistently held that the underlying remedial statute upon which Tucker Act jurisdiction is based must facially be fairly interpreted as mandating compensation by the federal government for damage sustained by the injured party. *United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976); *United States v. Mitchell,* 463 U.S. 206, 217, 103 S.Ct. 2961, 2968, 77 L.Ed.2d 580 (1983).

■ In defining the scope of any such statutes that "mandate compensation," the Supreme Court has indicated that jurisdiction is confined solely to the rendition of money judgments in suits brought for that relief against the United States. *United States v. Sherwood,* 312 U.S. 584, 588, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941). More specifically, the allegations upon which jurisdiction is based must show that the particular provision of law relied upon grants the claimant expressly or by implication a right to be paid a certain amount. *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 372 F.2d 1002, 1009 (Ct.Cl. 1967). In substance, the injury to be compensated must flow from the violation of a statute or constitutional provision that expressly or impliedly commands recompense. *See, e.g., United States v. Causby,* 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206, 6 Ct.Cl. 343 (1946) (inverse eminent domain by a taking without formal proceedings); *United States v. Gerlach Live Stock Co.,* 339 U.S. 725, 70 S.Ct. 955, 94 L.Ed. 1231 (1950) (claim for compensation for flood damage authorized by statute); *Mitchell,* 463 U.S. at 206, 103 S.Ct. at 2961 (claim for breach of fiduciary responsibilities and duties in the management of Indian property).

■ Conversely, there are also several categories of legal provisions that have been held by the courts not to fairly mandate compensation. These are exemplified

by violations of constitutional provisions, such as the First Amendment, that in and of themselves do not imply compensation. *See, e.g., Connolly,* 716 F.2d at 882 (violation of First Amendment rights not a basis for Tucker Act jurisdiction because no compensation is mandated). Likewise, damages based upon statutes which are merely derivative in their application do not fairly mandate compensation and, standing alone, are beyond Claims Court review. *See id.* at 887. This result obtains because derivative statutes do not *ipso facto* establish jurisdiction, but depend upon the violation of other regulations or statutes, as the threshold predicate, which must themselves first satisfy Tucker Act requirements.

Plaintiffs allege that the Back Pay Act, 5 U.S.C. § 5596 (1982), provides this court with subject matter jurisdiction because it entitles federal employees who suffer unwarranted personnel actions to the wages or salary they would have earned but for the government's improper action. *See* Opposition to Defendant's Motion to Dismiss at 1–2. With respect to this particular issue, defendant has not proffered any adversative contentions relative to whether the Back Pay Act comports with the specific jurisdictional standards articulated by *Testan* and *Mitchell, supra.* It merely stands on its position that exclusive jurisdiction is in the MSPB.

The Back Pay Act, in relevant part, states that:

> (b)(1) An employee of an agency who, on the basis of a timely appeal or an administrative determination (including a decision relating to an unfair labor practice or a grievance) is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee—
>
> (A) is entitled, on correction of the personnel action, to receive for the pe-

riod for which the personnel action was in effect—

> (i) an amount equal to all or any part of the pay, allowances, or differentials, as applicable which the employee normally would have earned or received during the period if the personnel action had not occurred, less any amounts earned by the employee through other employment during that period . . . .

5 U.S.C. § 5596 (1982). Facially, at first blush, the terms of the Back Pay Act appear to independently mandate compensation. However, the obligation to pay such compensation delineated thereunder is *dependent* upon the *prior* finding of an appropriate authority that the personnel action complained of was unwarranted, etc., *supra.* *See* 5 C.F.R. § 550.803 (1981). In other words, the Back Pay Act is *derivative* in its reliance on other regulations and statutes to fix efficacious jurisdiction in this court. Thus, as stated *supra,* derivative statutes do not, *ipso facto,* create a viable right of action in the Claims Court. Any basis for jurisdiction in this court pursuant to the Back Pay Act has also been previously reviewed and found lacking for the same reasons by both the predecessor Court of Claims, *Montalvo v. United States,* 231 Ct.Cl. 980, 982 (1982), and the Federal Circuit, *Connolly,* 716 F.2d at 887. In that connection, the predecessor court stated in *Montalvo* that:

> The Back Pay Act . . . is basically derivative in its application. For the Act to apply, an "appropriate authority" must first find an "unjustified or unwarranted personnel action," *i.e.,* an action which is prohibited by statute, regulation, etc. So, before plaintiff can invoke the Back Pay Act, he must first demonstrate that the [adverse] decision . . . violated an applicable statute or regulation [authorizing action against the defendant].

*Montalvo,* 231 Ct.Cl. at 982. This result obtains because the *Montalvo* court stated that "the Back Pay Act does not, in and of itself, authorize a suit in this court." *Montalvo,* 231 Ct.Cl. at 982.

Plaintiffs have failed to direct this court to any unwarranted personnel action prohibited by statute, regulation, or law which in turn authorizes suit in this court. Failing that, and consistent with *Montalvo*, we find no jurisdiction in this court that will lie *solely* on the basis of the Back Pay Act.

## II. *Tucker Act Jurisdiction Relative To The CSRA*

While a jurisdictional analysis like that presented *supra* relative to the Back Pay Act would normally be dispositive of the issue, defendant's argument that exclusive review of plaintiffs' claims is vested in the MSPB and in turn to the Federal Circuit raises an overriding question which requires primary attention. This is so because regardless of whether the Back Pay Act "mandates compensation" within the meaning of *Testan* and *Mitchell, supra*, if, indeed, review of plaintiffs' claims has been made exclusive elsewhere, *i.e.*, MSPB, such exclusivity would also operate to simultaneously *remove* such claims from our jurisdiction here. Because our research discloses that recent precedent and other case law persuasively substantiates defendant's position, we adopt the same as our finding relative to the CSRA issue.

The CSRA, an administrative statute, is designed to promote equitable, efficient and uniform treatment of federal employees. *Lindahl v. Office of Personnel Management,* —— U.S. ——, 105 S.Ct. 1620, 1637, 84 L.Ed.2d 674 (1985). Moreover, the CSRA created the MSPB and charged it with the responsibility to review federal employee matters.[6] The review authority vested in the MSPB has been determined to be so broad and expansive as to give the MSPB continuing compliance authority even after an employee has been reinstated to a position equivalent to that before the wrongful termination occurred. *Kerr v. National Endowment for the*

*Arts,* 726 F.2d 730, 732 (Fed.Cir.1984). Subsequent determinations of the MSPB's jurisdiction have also expanded its authority to encompass issues of back pay during the post-reinstatement period. *Spezzaferro v. FAA,* 24 M.S.P.R. 25 (1984).

Given the foregoing, the MSPB has been found to have *exclusive* and *continuing* jurisdiction over all matters relating to a complainant's, such as the plaintiffs', termination, subsequent reinstatement, and back pay award. *McClary v. United States,* 7 Cl.Ct. 160 (1984), *aff'd in part, rev'd in part on other grounds,* 775 F.2d 280 (Fed. Cir.1985). In *McClary*, a Drug Enforcement Administration agent sought to effect a lateral transfer to another city, but was unable to do so because no positions were then available at his GS–13 grade. Subsequently, however, plaintiff was told that a transfer would be available if he agreed to accept a GS–12 position. Plaintiff accepted the transfer and the downgrade, but later discovered that other agents were granted preferential treatment by being permitted to transfer without taking downgrades. Claiming that his reduction in grade was coerced and constituted a prohibited personnel practice, plaintiff sought review by the Office of Special Counsel of the Merit Systems Protection Board. The Special Counsel, however, declined to take action. Instead of plaintiff filing a direct petition with the MSPB, plaintiff filed suit in the Claims Court.

In his Claims Court complaint, McClary asserted jurisdiction based on the Tucker Act, 28 U.S.C. § 1491, and the Back Pay Act, 5 U.S.C. § 5596. Judge Seto, in dismissing the back pay claim, determined that the CSRA effected a sweeping reorganization of the Civil Service System such that the MSPB became the primary and sole vehicle for adjudicating an employee's allegations of prohibited personnel practices at first instance. *McClary,* 7 Cl.Ct. at

---

**6.** 5 U.S.C. § 1205 (1982) states:

(a) The Merit Systems Protection Board shall—

(1) hear, adjudicate, or provide for the hearing or adjudication, of *all* matters within the jurisdiction of the Board under this title, section 2023 of title 38, or any other law, rule, or regulation, and, subject to otherwise applicable provisions of law, take final action on any such matter .... (emphasis added).

163. Affirming with respect to the back pay claim, the Federal Circuit clearly validated this holding by stating that:

> Where an employee is provided a means of redress under the CSRA, that is, appeal to the Board, *the employee does not have an independent cause of action in the Claims Court.* [citation omitted] *Since McClary could have taken his claim to the Board, he did not have a right of action on that same claim in the Claims Court and that court properly held that it lacked jurisdiction.*

*McClary,* 775 F.2d at 282 (emphasis added).

■ While there are some differences between the facts in the *McClary* case and those in the case at bar, we find these differences to be without significance. Quite simply, the *McClary* case stands for the proposition that any residual Tucker Act jurisdiction relating to federal personnel actions should be analyzed according to the *exclusive* jurisdiction prescribed in the CSRA relative to the MSPB. If a plaintiff has a right of action at the MSPB, that right consequently forecloses the plaintiff's right to bring a cause of action in the Claims Court. Such foreclosure obtains whether such right was pursued at the MSPB or not. More specifically, however, where recourse *has* been had to the MSPB, an even stronger prejudice exists in favor of precluding a plaintiff from filing suit in this court given the clear *continuing* jurisdiction of the MSPB to enforce *its own* decisions.

■ In the instant case, based upon the "exclusivity" analysis proposed in *McClary,* this court is clearly without jurisdiction over plaintiffs' claims. In *McClary,* the court applied the analysis articulated *supra* to find that the plaintiff had an original right of action at the MSPB. Here plaintiffs also had the right to proceed before the MSPB, and *did* in fact exercise that right. Because the MSPB found plaintiffs not guilty of illegal strike participation, they were reinstated and awarded back pay. While plaintiffs herein are now within the MSPB's "*continuing*" jurisdiction, while McClary fell within the MSPB's "*original*" jurisdiction, plaintiffs nevertheless *have* a right of action at the MSPB. Accordingly, they are now foreclosed from bringing an identical, parallel action in this forum. Any other result would be in clear contravention of the MSPB's *exclusive* jurisdiction over claims such as plaintiffs', found and affirmed by the Federal Circuit in *McClary.* We are without power to change this result. *See also McGee v. United States,* 5 Cl.Ct. 480 (1984); *Fausto v. United States,* 7 Cl.Ct. 459 (1985).

### CONCLUSION

On the basis of the foregoing, the court concludes that the plaintiffs' petition should be dismissed, with prejudice, for lack of subject matter jurisdiction pursuant to RUSCC 12(b). Defendant's motion to dismiss is hereby granted. The Clerk shall dismiss the petition.

IT IS SO ORDERED.