**Robert E. TURVENE, Plaintiff,**

**v.**

**The UNITED STATES, Defendant.**

**No. 86–87C.**

United States Claims Court.

Feb. 3, 1988.

Michael J. Kator, Washington, D.C., for plaintiff.

Hillary A. Stern, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant. Jaime Fernandez, Office of General Counsel, Dept. of Educ., of counsel.

## ORDER

NETTESHEIM, Judge.

Defendant has moved to dismiss plaintiff's claim under the Back Pay Act, 5 U.S.C. § 5596(b)(1) (1982), for lack of subject matter jurisdiction. Plaintiff has opposed, and argument has been held.

## FACTS

The following facts are undisputed. Robert E. Turvene ("plaintiff"), formerly employed as an Education Program Specialist with the Department of Education (the "Department"), in December 1984 initiated his voluntary retirement under the Civil Service. During this time plaintiff met with the Department's personnel office, which reviewed his employment record and determined that he was eligible to retire. Plaintiff's application for retirement was certified and sent to the Office of Personnel Management ("OPM") for final approval. While awaiting action by OPM, plaintiff resigned from the Department effective on January 31, 1985.

OPM subsequently disallowed plaintiff's retirement application on June 13, 1985, taking the position that he had not completed the requisite 30 years' employment. The notice of disallowance to plaintiff stated that his work for the Asia Foundation, from August 1960 through December 1965, could not be credited towards his years of employment for Civil Service retirement purposes and that his separation for retirement therefore was "erroneous." By letter of the same date, OPM advised the Department that plaintiff's "separation has been considered erroneous," that plaintiff should be restored to his former position, and that the Department "must determine whether an adjustment in pay and leave is appropriate." Specifically, OPM directed the Department's attention to unpublished decisions of the Comptroller General for definition of "further factors to be considered in awarding back pay." According to OPM's reading of these decisions, if an employee retires based on an administrative error in the computation of his credible service, the employee is entitled to backpay. However, OPM continued, if the employee retires voluntarily and the agency disputes his eligibility, OPM's subsequent determination that the credible service was insufficient will not entitle the employee to backpay.

By letter of August 2, 1985, the Department refused plaintiff's request for backpay from the date of his separation on

January 31, 1985, until restoration to his position on June 30, 1985. The Department maintained that plaintiff knew that the Asia Foundation Service could not be credited towards his retirement:

> In considering your Application for Immediate Retirement, the Department relied in part on the attached letter from the Board for International Broadcasting purporting to certify that you were entitled to certain service credit arising from your employment with the Asia Foundation from 8/8/60 to 12/14/65. It is the Department's position, however, that at the time that you submitted your Application for Immediate Retirement, that you either knew or should have known that you were not entitled to that credit for Asia Foundation employment, that you had been told the certification letter had been issued to you in error, and had been asked to return it. We are also informed that you were told that the issue of certification for Asia Foundation Civil Service credit was ultimately up to the Office of Personnel Management which would review and pass upon the allowability of that credit at the time of your retirement.

Plaintiff appealed the Department's decision to the Merit Systems Protection Board (the "MSPB"), contending that he was entitled to backpay. The MSPB issued an initial decision on October 17, 1985, dismissing plaintiff's appeal for lack of jurisdiction since plaintiff had not appealed the OPM decision or alleged that his retirement was involuntary. *Turvene v. DOE,* No. DC3448510564 (M.S.P.B. Oct. 17, 1985). Plaintiff did not seek review of the initial determination, which became final on November 21, 1985. In December 1985 OPM reevaluated plaintiff's retirement application and concluded that his service with the Asia Foundation was creditable toward plaintiff's total civil service. Plaintiff thereafter was permitted to retire on December 31, 1985.

Plaintiff filed suit in this court on February 18, 1987, seeking $20,365 in backpay and adjustments to his retirement and sick and annual leave accounts.

## DISCUSSION

An action not sounding in contract under the Tucker Act, 28 U.S.C. § 1491 (1982), can be maintained in the Claims Court only if "founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department." 28 U.S.C. § 1491(a)(1). The Tucker Act itself does not create any substantive rights, but confers jurisdiction when a substantive right of recovery exists. *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Plaintiff contends that the Back Pay Act entitled him to backpay for the five-month period during which he had resigned and during which OPM was considering his retirement application.

5 U.S.C. § 5596(b)(1) provides, in pertinent part:

> An employee of an agency who, on the basis of a timely appeal or an administrative determination (including a decision relating to an unfair labor practice or a grievance) is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee—
>
> (A) is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect—
>
> (i) an amount equal to all or any part of the pay, allowances, or differentials, as applicable which the employee normally would have earned or received during the period if the personnel action had not occurred, less any amounts earned by the employee through other employment during that period; ...

However, "[t]he Back Pay Act is merely derivative in application ...," and "is not itself a jurisdictional statute." *United States v. Connolly,* 716 F.2d 882, 887 (Fed. Cir.1983) (en banc) (citing *Montalvo v. United States,* 231 Ct.Cl. 980, 982 (1982)), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984); *see also Spagnola*

*v. Stockman,* 732 F.2d 908, 912 (Fed.Cir. 1984).

█ Defendant's reliance on this well-established principle is correct. The Claims Court cannot exercise jurisdiction unless plaintiff can point to an unwarranted or unjustified personnel action prohibited by statute or regulation which, in turn, authorizes suit in this court. *See, e.g., Bivens v. United States,* 12 Cl.Ct. 727, 732 (1987) (no statute or regulation entitled plaintiff to reimbursement of his medical expenses); *Shelleman v. United States,* 9 Cl.Ct. 452, 456–57 (1986) (suit challenging agency's backpay award pursuant to MSPB remand not based on unjustified or unwarranted personnel action); *see also Walker v. United States,* 11 Cl.Ct. 77, 80–81 (1986). Plaintiff argues that either the OPM directive to restore plaintiff to his position or the Department's decision not to award backpay constitutes the requisite personnel action. Resolution of the issue becomes circular, since the only unjustified or unwarranted personnel action involved is an alleged involuntary retirement, and it is concluded that jurisdiction to determine whether plaintiff's retirement was involuntary lies in the MSPB.

Defendant asserts that even if a provision of law other than the Back Pay Act mandated, or was interpreted to mandate, money damages to an employee in plaintiff's circumstances for suffering an unjustified or unwarranted personnel action, this court lacks jurisdiction over plaintiff's claim because the error identified by OPM and the Department's action to restore plaintiff without an award of backpay do not constitute an "unjustified or unwarranted personnel action" within the contemplation of the Back Pay Act. Defendant argues that the unjustified or unwarranted action suggested by plaintiff is an involuntary retirement and that such a claim is cognizable only before the MSPB under the Civil Service Reform Act of 1978, Pub.L. No. 95–454, 92 Stat. 1111 (1978) (codified, as amended, in various sections of 5 U.S.C. (1982 & Supp. IV 1986)) (the "CSRA").

Section 204(a) of the CSRA, 5 U.S.C. § 7512(A) (1982), enumerates the type of actions with its coverage:

This subchapter applies to—
   (1) a removal;
   (2) a suspension for more than 14 days;
   (3) a reduction in grade;
   (4) a reduction in pay; and
   (5) a furlough of 30 days or less;
but does not apply to—
   (A) a suspension or removal under section 7532 of this title,
   (B) a reduction-in-force action under section 3502 of this title,
   (C) the reduction in grade of a supervisor or manager who has not completed the probationary period under section 3321(a)(2) of this title if such reduction is to the grade held immediately before becoming such a supervisor or manager,
   (D) a reduction in grade or removal under section 4303 of this title, or
   (E) an action initiated under section 1206 or 7521 of this title.

The decisions in this circuit give a broad construction of these enumerated claims. *See Shelleman,* 9 Cl.Ct. at 457 ("[T]he CSRA effected a sweeping reorganization of the Civil Service System such that the MSPB became the primary and sole vehicle for adjudicating ... prohibited personnel practices...."); *accord Thomas v. GSA,* 756 F.2d 86, 89 (Fed.Cir.), *cert. denied,* 474 U.S. 843, 106 S.Ct. 129, 88 L.Ed.2d 106 (1985) (suspension includes placing employee on non-duty, non-pay status for reasons other than discipline); *Bivens,* 12 Cl.Ct. at 731 (forced medical retirement constitutes a suspension claim under the CSRA).

The Federal Circuit has stated that " '[a] resignation or retirement is involuntary if it is obtained by agency misinformation or deception.' " *Dumas v. MSPB,* 789 F.2d 892, 894 (Fed.Cir.1986) (quoting *Covington v. HHS,* 750 F.2d 937, 942 (Fed.Cir.1984)). Claims for involuntary resignation or retirement are cognizable before the MSPB. *See Schultz v. Navy,* 810 F.2d 1133 (Fed. Cir.1987). Improper advice from an agency may be the basis for treating a voluntary retirement as involuntary and, hence, an

adverse action. *Schultz*, 810 F.2d at 1136. In *McClary v. United States*, 775 F.2d 280, 282 (Fed.Cir.1985), the Federal Circuit held that "[w]here an employee is provided a means of redress under the CSRA, that is, an appeal to the Board, he does not have a right of action on that same claim in the Claims Court...." (Citation omitted.)

■ Given these decisions, plaintiff must show both that OPM or the Department made a determination that amounts to an unjustified or unwarranted personnel action within the Back Pay Act and that the MSPB's jurisdiction is not exclusive. Plaintiff argues that OPM determined that an unjustified or unwarranted personnel action existed by its order to the Department that plaintiff's retirement was in error and that he should be restored to his position. Plaintiff also argues that his claim is solely for backpay and does not seek relief for involuntary retirement because of his previous restoration to duty. Plaintiff cites *Spezzaferro v. F.A.A.*, 24 M.S.P.R. 25, 29–30 (1984), for the proposition that the MSPB can determine only backpay claims that are ancillary to the adjudication of an unjustified or unwarranted personnel action. It is further argued that OPM's finding that plaintiff's retirement was erroneous and the Department's later restoration of plaintiff to his former position constitute a finding of an unwarranted personnel action with the remedy yet to be decided. Thus, plaintiff concludes, since his claim is solely for backpay, jurisdiction lies in this court.

Plaintiff's argument, although facially appealing, is incorrect. Although placing plaintiff in retirement status was error, OPM never determined whether the action was unjustified or unwarranted. OPM deferred to the Department the decision whether plaintiff should receive backpay and other benefits. The Department, while acknowledging the deficiencies in the information upon which it based plaintiff's retirement, took the position that plaintiff had knowledge of the deficiencies. For a retirement to be found involuntary, not only must the information be misleading, but plaintiff must show that he relied upon

it. *Scharf v. Department of Air Force*, 710 F.2d 1572, 1575 (Fed.Cir.1983). The full circumstances surrounding plaintiff's application for retirement would need to be explored in order to establish whether plaintiff was misled by the Department. The issue whether plaintiff's retirement was involuntary must be explored by means of a MSPB hearing if the allegation is not frivolous. *See Burgess v. MSPB*, 758 F.2d 641, 642 (Fed.Cir.1985). Thus, OPM did not determine that the Department's personnel action was unjustified or unwarranted—indeed, it could not have done so; nor did the Department or the MSPB. Plaintiff therefore cannot frame his action as a claim for backpay, since the antecedent determination that an unjustified or unwarranted personnel action occurred was not made by the Department or the MSPB.

This reading of the law is reinforced by the Supreme Court's recent opinion in *United States v. Fausto*, — U.S. —, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988). *Fausto* emphasizes that a claim under the Back Pay Act is predicated upon an individual's being affected by an unjustified or unwarranted personnel action that has been so found "*'by appropriate authority under applicable law.'*" *Fausto*, 108 S.Ct. at 676 (emphasis in original; citation omitted). In the post-CSRA era, "such an authority would include the agency itself, or the MSPB or the Federal Circuit...." *Id.* at 677. This court cannot supply the appropriate authority.

■ Although review of MSPB determinations is within the jurisdiction of the Federal Circuit, this court questions why the MSPB ignored the cause of action suggested by the facts. The initial MSPB decision opined that if plaintiff had "appealed the decision by the Office of Personnel Management ... concerning his eligibility for retirement ... [or] ... an alleged involuntary retirement (tantamount to a removal action) ... [the claims] could conceivably be appealable to the board...." *Turvene v. DOE*, No. DC3448510564, slip op. at 2 (citations omitted). However, plaintiff had the opportunity to appeal to the full board

of the MSPB or to lodge an appeal with the Federal Circuit. *See Bruning v. Veterans Admin,* 834 F.2d 1019, 1021 (Fed.Cir.1987) (unilateral rescission of constructive removal by agency does not divest the MSPB of jurisdiction to determine whether restoration placed plaintiff in the status he held before he was separated). Neither avenue was pursued, and this court lacks jurisdiction over plaintiff's claim due to both the absence of statute or regulation that would render OPM's directive to restore plaintiff to his position or the Department's decision not to award backpay an unjustified or unwarranted personnel action and due to the Supreme Court's and Federal Circuit's constructions of the CSRA.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss is granted, and the Clerk of the Court shall dismiss the complaint for lack of subject matter jurisdiction.

IT IS SO ORDERED.

No costs.