James L. **WORTHINGTON**, Plaintiff,

v.

**UNITED STATES**, Defendant.

No. 96–61C.

United States Court of Federal Claims.

June 30, 1998.

James L. Worthington, Graeagle, CA, pro se.

Hillary A. Stern, Washington, DC, with whom were Richard E. Rice, Assistant Director, David Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, and Frank W. Hunger, Assistant Attorney General, for the defendant.

## OPINION

SMITH, Chief Judge.

In this civilian pay action, plaintiff James L. Worthington seeks back pay based upon his reassignment by the United States Forest Service to a compressed work schedule. This case is before the court on defendant's Motion to Dismiss for lack of subject matter jurisdiction or, in the alternative, for Summary Judgment and on plaintiff's Cross Motion for Summary Judgment. The court lacks jurisdiction over plaintiff's Back Pay Act claim because plaintiff's claim is covered by the Civil Service Reform Act (CSRA), a comprehensive statutory scheme for resolving federal employment claims. Chapter 23 of the CSRA forbids "prohibited personnel practices" including discrimination and reprisals against "whistleblowers." 5 U.S.C. § 2302. Plaintiff has already pursued claims for back pay within the system prescribed by the CSRA, alleging reprisals against him in violation of the Whistleblower Protection Act of 1989, Pub.L. 101–12, 103 Stat. 16, and discrimination. Plaintiffs claims under both theories were denied. Plaintiff then appealed within the CSRA system without success.

Where the CSRA provides a remedy, plaintiff may not bring his claim before this court. Accordingly, defendant's Motion to Dismiss for lack of subject matter jurisdiction is GRANTED.

## FACTS

Plaintiff was employed by the United States Forest Service as a Civil Engineering Technician. In 1986, plaintiff was informed that his position at Tahoe National Forest was unfunded. He was then transferred to Angeles National Forest. Following the transfer, plaintiff received poor performance ratings, was denied a within-grade increase, and was ultimately removed from his position in August, 1990 because of unacceptable performance.

In a March 23, 1988 letter of instruction, plaintiff's supervisor directed him to begin working a compressed work schedule, also called a "5–4–9" work schedule. Plaintiff's new schedule required him to work 80 hours every two weeks as he had previously done. Under the "5–4–9" schedule, however, plaintiff worked one eight-hour day and eight nine-hour days during each two week period. Every other Monday plaintiff would work eight hours. Every other Friday plaintiff would not work. Plaintiff worked nine hours on all other weekdays.

In her letter of instruction, plaintiff's supervisor indicated that she was placing him on the compressed work schedule because of her need to "have confidence in your being on the job when needed." Her letter described plaintiff's "pattern of taking sick and annual leave without prior approval."

Plaintiff claims that he initiated a verbal complaint on March 24, 1988. He then filed an "informal EEO complaint," a grievance letter, with Don Garwood, his Equal Employment Opportunity Counselor at Angeles National Forest, on March 28, 1988. In his grievance letter plaintiff requested that he be paid for "overtime that [my supervisor] specifically prohibited me from working." He stated that he believed he had been unlawfully placed on a compressed work schedule in violation of the Federal Employees Flexible and Compressed Work Schedules Act, 5 U.S.C. § 6127, and requested that the letter of instructions be withdrawn. He also requested overtime for 16 hours spent preparing the grievance letter. In his grievance letter plaintiff complained that his supervisor treated "white males differently (unfairly) than the way she treats the minorities that work for her." Plaintiff filed a formal EEO discrimination complaint on May 2, 1988 in which he requested a hearing before an Administrative Judge appointed by the Equal Employment Opportunity Commission (EEOC).

On April 2, 1990, pursuant to plaintiff's discrimination complaint, the Forest Service rescinded and canceled the letter of instruction, relieved plaintiff from the compressed work schedule, apologized, and allowed him to choose his own work schedule. The April 2 letter used the term "unwarranted action," possibly with reference to having placed plaintiff on a compressed work schedule. Nevertheless, plaintiff chose to continue to work the compressed "5–4–9" work schedule until his removal in July 1990. The final decision on plaintiff's discrimination complaint, issued by Deputy Secretary of Agriculture, Jack Parnell on March 29, 1990, found no evidence of discrimination or reprisal by the agency when it denied plaintiff's overtime request.

Plaintiff did not file an appeal of the final decision on his discrimination claim with the EEOC nor did he file a civil action in federal district court although Mr. Parnell's letter advised plaintiff that these avenues for appeal were open to him. Instead, on April 27, 1990, he wrote to Mr. Thomas Brown, Forest Service Regional Personnel Officer, to request additional relief including overtime for his nine hour days and payment for his Fridays off. Thomas Beaumont, Supervisory Equal Employment Specialist, responded to plaintiff's request for additional relief. Mr. Beaumont noted that,

> Deputy Secretary Parnell's decision on your complaint found that recission of the March 23, 1988 letter of instruction, apology for the letter, and future approval of your request for alternate work schedules, constituted full relief for the stated issues. You had the right to contest the decision by filing an appeal as stated in the decision. While the letter of instructions did establish a specific tour of duty, it did not instruct you to work any overtime hours or create any overtime hours. It was a 5–4–9 work schedule, and your work requirement continued to be 80 hours per pay period.

Your overtime entitlement was contingent on the tour of duty to which you were assigned.

Establishment of a particular tour of duty did not deprive you of any hours of work; it merely placed them at different points in the pay period.

The April 11, 1988 letter to you does not prohibit you from working overtime, but defines a requirement that all overtime must be approved and ordered in advance.

Plaintiff appealed the agency's denial of overtime pay for working a compressed work schedule to the Office of Special Counsel (OSC) and to the Merit Systems Protection Board (MSPB or "the board"). On June 11, 1991, MSPB Administrative Judge Liggett found that "[p]lacing appellant on a compressed work schedule, allegedly against his wishes, was error, but under all the circumstances of this case it was harmless. As noted above, when provided an opportunity to choose his own work schedule, appellant chose the identical 'compressed' work schedule." Plaintiff appealed to the Federal Circuit which, on February 10, 1992, affirmed the decisions of the MSPB and the Forest Service. With respect to plaintiff's compressed work schedule, the Federal Circuit agreed with the MSPB that plaintiff "cannot show that this error was harmful." No. 91–3528 at 3 (Fed.Cir.1992).

In November, 1991 plaintiff petitioned the EEOC to review the board's decision. In its June 8, 1992 decision letter the EEOC concurred with the board's findings and noted that Administrative Judge Liggett had found that plaintiff lacked credibility and that his EEO complaints were "baseless and without merit." Administrative Judge Liggett had also described plaintiff's filings as "an abuse of the EEO process."

## DISCUSSION

Plaintiff seeks compensation under the Back Pay Act, 5 U.S.C. § 5596, for the time he worked the "5–4–9" compressed work schedule. Before the court can reach the merits of plaintiff's Back Pay Act claim, however, the court must determine whether it has jurisdiction over that claim, particularly with respect to the comprehensive scheme for administratively resolving federal employee disputes under the Civil Service Reform Act (CSRA), Pub.L. 95–454, 92 Stat. 1111–1227 (codified in various sections of 5 U.S.C.).

In his complaint plaintiff states, "The act complained of in this suit involves the failure or refusal of the defendant to pay the plaintiff appropriate 'backpay' authorized by Title 5 U.S.C. Section 5596 for an "unwarranted action" that the defendant unjustly imposed on the claimant between March 1988 and April 1990". Plaintiff reiterates in his opposition brief that he "is only requesting appropriate relief ... for the unwarranted action [being placed on a compressed work schedule] and *not* judicial review of the removal action, the denial of the within-grade increase, nor the performance evaluations ..." (emphasis in original). Accordingly, the court will limit its deliberation to whether plaintiff is entitled to compensation under the Back Pay Act and, initially, whether the court has jurisdiction over this matter at all.

The Back Pay Act dictates that an employee of an Executive agency

who, on the basis of a timely appeal or an administrative determination (including a decision relating to an unfair labor practice or a grievance) is found by an appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee—

(A) is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect—

(i) an amount equal to all or any part of the pay, allowances, or differentials, as applicable which the employee normally would have earned or received during the period if the personnel action had not occurred.

5 U.S.C. § 5596(b)(1).

This court's jurisdiction over Back Pay Act claims was substantially reduced with the passage of the CSRA. The CSRA provides

"the only avenues for relief in personnel matters covered by the CSRA." *Bobula v. United States*, 970 F.2d 854, 857 (Fed.Cir.1992); *see Bosco v. United States*, 931 F.2d 879, 883 (Fed.Cir.1991); *United States v. Fausto*, 484 U.S. 439, 454, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988). The CSRA is intended to be a comprehensive statutory scheme to replace the haphazard arrangements for administrative and judicial review of personnel actions that characterized the old civil service system. *See Bobula*, 970 F.2d at 857; *Fausto*, 484 U.S. at 443, 108 S.Ct. 668 (1987) (citing S.Rep. No. 95–969, p. 3 (1978), U.S.Code Cong. & Admin. News 1978, p. 2723). The CSRA is designed to promote the equitable, efficient, and uniform treatment of federal employees. *Shelleman v. United States*, 9 Cl.Ct. 452, 457 (citing *Lindahl v. Office of Personnel Management*, 470 U.S. 768, 797, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985)). As explained below, the comprehensive CSRA scheme includes claims for back pay.

The Merit Systems Protection Board was created under the CSRA to review federal employee matters covered by the CSRA. *Shelleman*, 9 Cl.Ct. at 457; *see* 5 U.S.C. § 1205. Plaintiff argues that the MSPB lacks jurisdiction over his claim. He quotes *Bradford v. Department of the Army*, 3 MSPB 115, 115, 2 M.S.P.R. 598 (1980), in which the MSPB stated that "disputes in back pay are not within the jurisdiction of the Board and should be resolved between the agency and the employee." The Board had determined at that time that, according to statute, back pay claims that could not be resolved between an employee and his agency should be settled by the General Accounting Office. Other cases during the next few years reached the same conclusion. *See Strickland v. Veterans Admin.*, 5 MSPB 517, 518, 5 M.S.P.R. 526 (1981) (citing *Bradford*, denial of back pay not an adverse action within Board jurisdiction under 5 U.S.C. § 7512); *Clark v. Department of the Navy*, 6 MSPB 24, 26, 6 M.S.P.R. 11 (1981); *Blanchard v. Department of the Navy*, 10 MSPB 340, 11 M.S.P.R. 393 (1982) (citing *Bradford*, 31 U.S.C. § 71, Board lacks authority to review petitions for enforcement of agency back pay awards); *Ritchey v. U.S. Postal Svc.*, 10 MSPB 22, 22, 11 M.S.P.R. 27 (1982)

(citing *Bradford*); *Allen v. Department of the Navy*, 12 MSPB 90, 91, 13 M.S.P.R. 521 (1982) (citing *Bradford*); *Keesler v. Department of Transportation*, 18 M.S.P.R. 27, 29 at n. 2 (1983).

Plaintiff fails to note, however, that in *Robinson v. Department of the Army*, 21 M.S.P.R. 270, 272–73 (1984), the Board expressly overruled prior decisions which had held or implied that the Board lacked authority to award back pay. The Board offered *Allen, Ritchey*, and *Blanchard* as examples of prior decisions that were to be overruled. *Id.* at n. 3. Then in *Tanaka v. Department of the Navy*, 21 M.S.P.R. 278 (1984), the Board dealt with issues of enforcement of back pay awards. Henry Tanaka had requested an itemization of back pay. Although affirming its newfound authority to order back pay, the Board in *Tanaka* found that "specific back pay issues" which cannot be resolved between an employee and his agency are to be settled by the Comptroller General. *Id.* at 279.

Finally, in *Spezzaferro v. Federal Aviation Administration*, 24 M.S.P.R. 25, 26 (1984), the Board overruled *Blanchard, Allen, Tanaka* and other cases which had held that the Board lacked authority to "adjudicate the merits of petitions for enforcement alleging error by an agency in awarding back pay pursuant to a Board order reversing a personnel action." Hence the MSPB may not only order back pay, it may also review disputes over the merits of agency back pay awards.

According to Office of Personnel Management (OPM) regulations, an employee's agency normally calculates the amount of back pay due after reversal of an agency personnel action. *See* 5 C.F.R. § 550.805(a) (1988); *see also White v. Bloomberg*, 501 F.2d 1379, 1384–85 & n. 9 (4th Cir.1974) (interpreting similar regulations applied to the Civil Service Commission (CSC), predecessor to the MSPB). In *Spezzaferro* the Board describes numerous court rulings, under the former 5 U.S.C. § 7701 (1976), that the former Civil Service Commission had authority to award back pay and review the merits of agency back pay awards. 24 M.S.P.R. at 27. The

Board concluded that it had inherited that authority from the CSC pursuant to Reorganization Plan No. 2 of 1978 which redesignated the former CSC as the M.S.P.B. *Id.; see* Reorganization Plan No. 2 § 202 (May 23, 1978), reprinted in 1978 U.S.Code Cong. & Admin. News 9801, 9803–04.

As explained above, the court finds that plaintiff's claim for back pay involves a personnel action covered by the CSRA and falling under the exclusive and continuing jurisdiction of the MSPB. *See Shelleman v. United States,* 9 Cl.Ct. 452, 458 (1986) (citing *McClary v. United States,* 7 Cl.Ct. 160, 164 (1984), *aff'd* in part and *rev'd* in part on other grounds, 775 F.2d 280, 282 (1985) (finding no Claims Court jurisdiction to hear plaintiff's back pay claim, and no implied private right of action under the CSRA to seek judicial review of back pay claim)). In *Shelleman* this court found that "[i]f a plaintiff has a right of action at the MSPB, that right consequently forecloses the plaintiff's right to bring a cause of action in the Claims Court. Such foreclosure obtains whether such right was pursued at the MSPB or not." *Id.* at 458.

The CSRA did not repeal the Back Pay Act or abolish this court's authority to hear certain Back Pay Act claims not covered by the CSRA. *See Fausto,* 484 U.S. at 453–54, 108 S.Ct. 668. Instead, the CSRA removed from the former Court of Claims the jurisdiction to review the underlying personnel decisions which give rise to claims for back pay and established that back pay claims themselves would be resolved primarily within the CSRA system.

Prior to the enactment of the CSRA, the United States Court of Claims held jurisdiction under the Tucker Act, 28 U.S.C. 1491(a)(1), to hear claims based on a statutory right to receive money where plaintiffs had allegedly been deprived of that money by federal government action. *See Kennedy v. United States,* 5 Cl.Ct. 792, 793 (1984). That jurisdiction remained in place after the enactment of the CSRA except where the underlying personnel action is covered by the CSRA. For example, where the plaintiff in *Kennedy* was deprived of his pay while suspended for exercising his First Amendment

right to free speech, this court found that it had Tucker Act jurisdiction because plaintiff had no recourse under the CSRA.

In *Bosco v. United States,* 931 F.2d 879, 883 (Fed.Cir.1991), the court found no bar to Tucker Act jurisdiction in the Claims Court because plaintiffs' claim was based on their transfer at the IRS from one pay system to another. Such action is not covered by the CSRA, indeed it is not addressed at all by the CSRA. Similarly, in *Romero v. United States,* 38 F.3d 1204, 1211 (Fed.Cir.1994), the court found no bar to Little Tucker Act jurisdiction in the federal district court under the Back Pay Act because plaintiffs' claim, based on withholding of pay for income tax purposes, was not covered at all by the CSRA. In the instant case, however, unlike plaintiffs in *Bosco* and *Romero,* plaintiff is not without recourse under the CSRA. Plaintiff has already filed back pay claims pursuant to the CSRA's prohibition against discrimination and reprisals against whistle blowers. Plaintiff's claims were denied.

The Supreme Court in *Fausto* found that under the CSRA this court is no longer an "appropriate authority" to review an agency's personnel decision as part of a Back Pay Act determination. *Id.* at 454, 108 S.Ct. 668. Under the CSRA an "appropriate authority" would include the agency itself but not the Court of Federal Claims. *Id.* Here, according to plaintiff's interpretation, the Forest Service, the Executive agency for which he worked, found that placing him on a compressed work schedule was an "unwarranted" personnel action. In plaintiff's case, the agency itself reviewed its own personnel action as is appropriate under the CSRA. *See Fausto,* 484 U.S. at 454, 108 S.Ct. 668.

Plaintiff allegedly does not seek to overturn an unfavorable determination by his agency. Instead, he claims that his agency's own determination that its action was "unwarranted" entitles him to back pay. Nevertheless, in asking this court to grant his back pay claim, plaintiff effectively seeks to have the Court of Federal Claims overturn the Forest Service decision to deny him back pay. This we may not do. The Court of Federal Claims is precluded from reviewing personnel actions covered by the CSRA for

the sake of determining eligibility under the Back Pay Act. Instead, the CSRA provides for review of such personnel actions by the MSPB and ultimately the Federal Circuit. 5 U.S.C. §§ 7701, 7703(b)(1). Plaintiff has already challenged the Forest Service denial of his back pay claim in both of these tribunals and been denied. Allowing this claim would be creating a second bite at the apple. In this case that second bite is wholly unwarranted.

In his Opposition to Defendant's Motion to Dismiss, plaintiff argues that he "*is not* bringing his claims concerning ... overtime pay to this court." P. Opp. at 18 (emphasis in original). He explains that "the only issue [he] is bringing to this court is the 'letter of instructions,' and the fact that it has already been determined to have been an 'unwarranted action.' The only issue is appropriate relief for the defendant's lawless activity [presumably issuance of the letter of instruction and implementing its provisions]." *Id.* at 18, 19. Notwithstanding plaintiff's contradictory assertion, the "appropriate relief" he seeks does indeed seem to be back pay. He states in the same brief, "[p]laintiff does assert a claim whereby he is entitled to appropriate overtime pay for the subject hours worked." *Id.* at 18.

Plaintiff argues that his claims before this court for such "appropriate relief" should not be barred by res judicata or collateral estoppel because "the 'Letter of Instructions' and the 'unwarranted action' have not yet been litigated in any court." Based on the record available to the court, the court concludes that plaintiff has already litigated the letter of instructions and unwarranted action elsewhere, specifically in proceedings surrounding his discrimination complaint. The court notes that Supervisory Employment Opportunity Specialist, Thomas Beaumont, interpreted Deputy Secretary Parnell's decision on plaintiff's discrimination complaint as denying overtime pay and as finding that plaintiff had not been deprived of any hours of work. MSPB Administrative Judge Liggett found that placing plaintiff on a compressed work schedule was harmless error. The Federal Circuit agreed with Judge Liggett. While the MSPB and the Federal Circuit clearly dealt with the same claim at issue here, this court need not deal with the specific questions of whether res judicata or collateral estoppel may be applied to this case because there is no jurisdiction to entertain plaintiff's claims for the reasons already noted.

## CONCLUSION

This court lacks jurisdiction over plaintiff's claims. The court concludes that plaintiff has already litigated his claim for back pay within the comprehensive system provided by the CSRA. This court may not revisit the issues already decided within that system. Even if, as he claims, plaintiff had not yet litigated his back pay claims, he is still precluded from bringing his claim in this court. Instead, he must employ the remedies available to him under the CSRA including appeal to the MSPB and the Federal Circuit. Plaintiff may, understandably, be reluctant to renew his efforts within a system that has characterized him as lacking credibility and abusing the system. Plaintiff, however, does not have the option of electing a different forum. Accordingly, defendant's Motion to Dismiss plaintiff's claim for lack of subject matter jurisdiction is GRANTED and the Clerk is directed to enter judgment for defendant.

It is so ORDERED.